151 So. 620

CORNMAN v. CONWAY, Supervisor of Public Accounts.

No. 32518.

Nov. 27, 1933.

Charles J. Rivet, Sp. Asst. to Atty. Gen., for appellant.

Albert B. Koorie, of New Orleans, for appellee.

O'NIELL, Chief Justice.

The supervisor of public accounts has appealed from a judgment enjoining the agents of the supervisor from confiscating and selling the plaintiff's automobile, which was seized under authority of the second paragraph of section 6 of Act No. 34 of 1930, pp. 78, 85.

The object of the statute, as declared in its title, is to provide revenue for public edu-

cation, by levying a tax on malt extract and derivatives or combinations thereof. The tax is 3 cents on every pound, or fraction of a pound, of malt extract, and derivatives or combinations thereof, handled, sold, or distributed for domestic consumption, except that which is sold to commercial bakers for making bread, pastries, etc. The second paragraph of the sixth section of the statute gives the supervisor of public accounts and his assistants the power and authority to search and examine any warehouse, store, storeroom, automobile, truck, boat, or other conveyance or means of transportation, when there is probable cause to believe that the terms of the statute are being, or have been, violated; and the same paragraph of the sixth section of the statute provides that any automobile, truck, boat, or other vehicle or means of transportation, except a common carrier, caught or detected transporting malt extract, or derivatives or combinations thereof, without the tax thereon being paid or a bond given to guarantee the payment, as provided in the statute, shall be subject to seizure and confiscation by the supervisor of public accounts, or his assistants; and that, after ten days' notice by advertisement at least twice in the official journal of the parish in which the confiscation is made, the supervisor or his assistants shall proceed to sell the confiscated property, through the sheriff, at public auction, to the highest bidder, for cash, and without appraisal. The funds so realized, less the expenses, are to be paid into the state treasury and credited to the account of the state board of education, the same as the malt tax itself is paid and credited.

It is admitted that the plaintiff, Cornman, was transporting malt extract in his automobile at the time of the seizure, and that the malt extract was subject to the tax, which had not been paid. He pleaded, in his petition for an injunction, that the second paragraph of the sixth section of the statute was unconstitutional, in that it violated the provision in the Fourteenth Amendment of the Constitution of the United States, and in section 2 of article 1 of the Constitution of Louisiana, that no person shall be deprived of his property without due process of law. He pleaded also, in his petition, that the second paragraph of the sixth section of the statute violated the provision in the eleventh section of article 10 of the Constitution of Louisiana, that "there shall be no forfeiture of property for the nonpayment of taxes."

The judge who heard the case decided that the second paragraph of the sixth section of Act No. 34 of 1930 was violative of the due process clause in the Fourteenth Amendment of the Constitution of the United States, and in the second section of article 1 of the Constitution of Louisiana. The decision was based upon the ruling of this court in Finance Security Company v. Conway, Supervisor of Public Accounts, 176 La. 456, 146 So. 22, 23, where it was held that the second paragraph of the sixth section of Act No. 34 of 1930 was violative of the Fourteenth Amendment of the Constitution of the United States, and of the second section of article 1 of the Constitution of Louisiana, in that the statute failed to provide for a judicial proceeding for the forfeiture or confiscation, which the statute undertook to authorize, and failed to provide for previous notice to be given to the

owner of the property to be forfeited or confiscated.

The attorney for the supervisor argues that the plea of unconstitutionality of the statute should not have been considered in this case, because the plaintiff did not specify, in his petition, how the statute violated the due process clause. We consider the specification in the petition sufficient. The allegation is that the second paragraph of the sixth section of the statute is unconstitutional, in that it violates the provision in the Fourteenth Amendment to the Constitution of the United States and the second section of article 1 of the Constitution of Louisiana, "which amendment and section aforesaid provide that no person shall be deprived of his property without due process of law." That was the same as to say that the second paragraph of the sixth section of the statute undertook to deprive a person of his property without due process of law. To say more would be bordering upon argument of the proposition. In the light of the decision in Finance Security Co. v. Conway, Supervisor of Public Accounts, which was rendered on the 3d day of last January—less than a month before this suit was filed—the supervisor could not have had any doubt as to what the plaintiff in this case meant by his plea that the second paragraph of the sixth section of the statute undertook to deprive a person of his property without due process of law.

The attorney for the supervisor contends that the decision rendered in the Finance Security Company Case is not applicable to this case, because in the Finance Security Company Case a third person was transporting the malt or malt extract, without the consent

or knowledge of the Finance Security Company, owner of the automobile, and the seizure of the car was made without the knowledge of the company. That is true, but the reason for which the second paragraph of the sixth section of the statute was pronounced unconstitutional in the Finance Security Company Case is just as applicable to this case; that is, that the statute itself—and not merely the method of enforcement—is defective. It is not necessary to cite authority for the proposition that, when a statute has been adjudged unconstitutional because of a defect in the statute itself—as where it provides for confiscation of property without providing for judicial proceedings or for previous notice to the owner—it cannot be enforced by the enforcement officer's giving notice to the owner of the property, or in a case where the owner has actual notice of the seizure. It is true that the court said, in the course of the opinion rendered in the Finance Security Company Case, that, in the very nature of things, the statute was invalid in so far as it attempted to authorize the confiscation of the property of a third person, not charged with or convicted of a violation of the statute. But that statement was not essential to—or the reason for—the ruling that the statute was unconstitutional. The ruling was founded upon the decision in Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914, from which this court quoted the syllabus, viz.:

"The jurisdiction acquired by the seizure of property, in a proceeding in rem for its condemnation for alleged forfeiture, is not to pass upon the question of forfeiture absolutely, but to pass upon that question after opportunity has been afforded to its owner and

parties interested to appear and be heard upon the charges for which the forfeiture is claimed. To that end, some notification of the proceedings, beyond that arising from the seizure, prescribing the time within which the appearance must be made, is essential."

The court quoted also, in the Finance Security Company Case, from 25 C. J. 1172, 1173, § 53, viz.:·

"There can be no forfeiture of property unless the forfeiture is judicially determined. Even where under statute the forfeiture takes place at the time of the commission of the offense, it is not fully and completely operative and effective and the title of the state or the government is not perfected until there has been a judicial determination. A statute or ordinance which allows the seizure and confiscation of a person's property by ministerial officers without inquiry before a court or an opportunity of being heard in his own defense is a violation of the elementary principles of law and the constitution."

The attorney for the supervisor, in this case, cites again the lineup of decisions that were reviewed and analyzed in the Finance Security Company Case, and particularly McMillen v. Anderson, 27 La. Ann. 18, Id., 95 U. S. 37, 24 L. Ed. 335, and Steiner v. City of New Orleans, 173 La. 275, 136 So. 596. It is not necessary to review again all of the cases that were reviewed and discussed in the Finance Security Company Case. It is sufficient to say that we adhere to our ruling in that case.

In McMillen v. Anderson it was held that the revenue law, Act No. 47 of 1873, in so far as it authorized a summary seizure of prop-

erty for the collection of delinquent taxes, without previous judicial proceedings, was not a denial of due process of law, where the statute required ten days' notice to be given to the delinquent tax debtor before the seizure could be made. A seizure of property, without judicial proceedings, for the purpose of selling the property merely to collect delinquent taxes, is not to be compared with a forfeiture or confiscation of property, without judicial condemnation, for the purpose of selling the property and retaining the proceeds, as a fine or penalty for an alleged violation of the law. Imagine the confiscation and forfeiture of an automobile or truck, or boat, worth hundreds or thousands of dollars, as a penalty for nonpayment of a 9-cent tax on a 3-pound, or 65-cent, can of malt extract, and without any judicial formality, or even previous notice to the owner of the property. This statute of 1930 would be more like the revenue law that was held valid in McMillen v. Anderson (Act No. 47 of 1873), if this statute of 1930 authorized the seizure and sale of an offending car or boat for the collection only of the tax of 3 cents per pound on the malt extract found in the car or boat, and if the statute of 1930 required, as the act of 1873 required, notice to be given to the owner of the car or boat before the seizure could be made.

In Steiner v. City of New Orleans it was held that a municipal ordinance authorizing the police officers to impound any unoccupied automobile found parked in violation of the ordinance, and to retain the car until the duly identified owner paid the impounding fee of $3, was not a denial of due process of law. But the decision was founded upon the fact, well recognized, that an unoccupied automo-

bile parked in a way which the law deems dangerous is of imminent danger to the public, and upon the assumption that the impounding fee of $3 was not more than the expense of removing and impounding the car. The doctrine of that decision does not warrant an application of the power of summary abatement to property which is itself harmless, though put to an unlawful use. In Freund's work on Police Power, pp. 557, 558, §§ 525, 526, it is said:

"The power of summary abatement does not extend to property in itself harmless and which may be lawfully used, but which is actually put to an unlawful use or is otherwise kept in a condition contrary to law. * * *

"The unlawful use may, however, be punished, and the punishment may include a forfeiture of the property used to commit the unlawful act. * * *

"Such forfeiture is not an exercise of the police power, but of the judicial power; i. e. the taking of the property does not directly subserve the public welfare, but is intended as punishment for an unlawful act. Hence forfeiture requires judicial proceedings, either personal notice to the owner, or at least a proceeding in rem with notice by publication."

It is not necessary to consider the plea that the second paragraph of the sixth section of the statute violates the provision in the eleventh section of article 10 of the Constitution of Louisiana, that there shall be no forfeiture of property for nonpayment of taxes.

The judgment is affirmed.

BRUNOT and ODOM, JJ., dissent.