The Louisiana Wild Life and Fisheries Commission has appealed a judgment making peremptory the issuance of an alternative writ of mandamus directing it to re *652 turn 333 alligator skins taken from plaintiffs. They were seized as evidence in connection with, criminal charges filed by the Orleans Parish District Attorney on July 5, 1966. The alleged offenses involve illegal possession and treatment of alligator skins. The charges were nol-prossed in December, 1966 after which defendant denied plaintiffs’ request for the return of the hides.
In an earlier civil proceeding, filed November 30, 1967, this court concluded a writ of mandamus directing defendant to return the skins would not lie because plaintiffs could still be prosecuted criminally at the time the petition was filed. We pointed out that despite the nolle prosequi, plaintiffs could be charged within two years from the date the alleged violations occurred. See Mares v. Glasgow, La.App., 219 So.2d 19.
The present suit was filed more than two years after the date of the alleged violation but no further charges were brought against plaintiffs in criminal court. Because criminal prosecution is forever barred, defendant concedes the skins now have no potential evidentiary value. Nonetheless, it has retained the hides relying on LSA-R.S. 56:260(B) as authority for its action.
Plaintiffs assert the hides are now being illegally held because:
(1) Defendant was not empowered by the statute to confiscate or seize; rather, this power is vested in the Division of Administration, a different state agency;
or
(2) Should we conclude defendant had such authority, the act is unconstitutional in that plaintiffs have been deprived of property without due process of law. To satisfy the due process requirement, they urge, a judicial proceeding must be held to determine whether the skins were in fact illegally possessed by plaintiffs when they were seized.
We note the statute has two sections. Section A requires buyers and dealers in furs and alligator hides to file with defendant information concerning possession of and trade in furs and skins. Defendant’s agents are empowered to inspect books to investigate the accuracy of all reports at any time.
Section B — the one now at issue — deals with reports required from possessors of raw “green” undressed alligator hides. It further imposes a criminal penalty for failure to file the required information. That section reads:
“Every person, firm or corporation, having raw ‘green’ undressed alligator hides in his or its possession after the close of each open season, shall file with the commission within fifteen days after the close of each open season, and at sixty day intervals thereafter, a complete report, under oath, on forms procured from the Louisiana Wild Life and Fisheries Commission, wherein it is set forth in detail the number of raw ‘green’ undressed alligator hides, with a detailed description thereof then owned or held in possession as owner or agent by the person, firm or corporation filing the report. Said report will contain the names and addresses of the persons, firms or corporations from whom said hides were purchased, the place where and the date upon which said hides were purchased. Failure to file said sworn statement in accordance with the provisions of this section as amended shall be mandatorily fined not less than $200.00, nor more than $350.00, or imprisoned in jail for not more than 30 days, or both, for the first offense; not less than $300.00 nor more than $500.00, or imprisoned in jail for not more than 60 days, or both for the second offense. For the third offense, the fine shall not be less than $500.00 nor more than $750.00, and imprisonment of not less than 60 days nor more than 90 days in jail, and in addition the license under which said violation occurred shall be revoked and shall *653 not be reinstated at any time during the period for which it has been issued and for one year thereafter. The jail sentences herein provided shall be mandatory except for the first and second offenses, which shall be at the discretion of the court, and no sentence or fine shall be suspended for any cause or reason whatever nor shall any diminution of any sentence be granted or allowed for good behavior or otherwise. Further, all raw ‘green’ undressed alligator hides not properly included or set forth in said report shall be confiscated and sold by the Division of Administration in accordance with law. It is further provided that the Louisiana Wild Life and Fisheries Commission, its agents and employees, shall be relieved of any and all responsibility or liability whatsoever to any person, firm or corporation on account of said confiscation.” LSA-R.S. 56:260 (B). (Emphasis ours.)
From the emphasized sentence, plaintiffs argue the taking or seizure was void ab ini-tio because the power to confiscate and sell is vested only in the Division of Administration. We find no merit in his contention. It is clear from a reading of LSA-R.S. 56:260 in its entirety that defendant is the agency empowered to administer state laws regulating trade in furs, alligator hides and raw green undressed alligator hides and to investigate violations of these laws. Section A authorizes defendant through its agents to investigate and Section B specifically absolves defendant and its agents from responsibility or liability in connection with confiscation of raw alligator skins. The sentence at issue reads :
“Further all raw ‘green’ undressed alligator hides not properly included or set forth in said report shall be confiscated and sold by the Division of Administration in accordance with law.” (Emphasis ours.)
We interpret the act to have conferred upon defendant the power to seize skins in investigating alleged violations. The only authority vested in the Division of Administration is to sell the seized material if there has been a determination that the skins were in fact illegally possessed by the person criminally charged. While it appears the Division of Administration alone has authority to confiscate and sell and therefore the provision absolving the defendant from liability resulting from confiscation may be superfluous, these considerations are immaterial here. The defendant had authority to seize the skins and no showing has been made that the seizure was illegal in any manner. The original seizure and subsequent holding for evidence were proper.
Plaintiffs next argue that confiscation and sale as authorized by LSA-R.S. 56:260 (B) is unconstitutional because the act fails to provide for a judicial determination as to whether the confiscation was warranted, all in violation of the 14th Amendment of the Constitution of the United States and La.Const. Art. 1, § 2.
 We fully agree with plaintiffs’ contention that a statute authorizing confiscation without providing for a judicial proceeding to determine its validity is unconstitutional in that it deprives a person of property without due process of law. See Cornman v. Conway, 178 La. 357, 151 So. 620; Finance Security Company v. Conway, 176 La. 456, 146 So. 22. But as we interpret the statute, a hearing is to be afforded any person from whom skins are confiscated before they may be sold. Only skins “not properly included or set forth in said report” may be sold. The sentence authorizing the sale of skins immediately follows one imposing various penalties upon convicted violators. The sale of confiscated skins is an additional penalty on those convicted criminally under this statute. Whether the skins were illegally possessed by the person charged would be determined during the course of the criminal proceedings. Thus the person from whom the property was confiscated is not only afforded an opportunity to prove the inva *654 lidity of the seizure in this criminal proceeding, he is given an added advantage under the criminal law requirement of proof by the state of guilt beyond a reasonable doubt rather than by a preponderance of the evidence.
Applying this reasoning to the instant case, we conclude defendant was authorized by this statute to seize the skins at the investigation stage and to hold them as evidence to be used in a criminal proceeding against the plaintiffs. However, once criminal prosecution was forever barred by prescription, defendant had no authority to retain the material seized. The criminal proceeding would have been the means available for plaintiffs to question the validity of the confiscation.
Finally, we must determine whether plaintiffs may obtain the return of the skins through a mandamus proceeding. Defendant argues issuance of a writ of mandamus is limited to situations outlined in LSA-C.C.P. Arts. 3861 through 3864. In reviewing these articles, we conclude the writ was properly issued under Art. 3862 which, inter alia, provides:
“A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice; * * LSA-C.C.P. Art. 3862.
The statutory provision absolving defendant and its agent from any liability or responsibility in connection with the confiscation raises the question whether the defendant would be required to defend a suit for return of converted material or for damages in lieu of the skins. Even assuming ordinary relief were available, we think the delay involved in obtaining the return of the skins might cause injustice, particularly considering the protracted litigation carried on thus far in this matter. Therefore we conclude LSA-C.C.P. Art. 3862 is authority for issuance of the writ.
Once the possibility of criminal prosecution was barred by prescription, defendant’s agent or agents no longer could exercise discretion in whether or not the skins could be retained. The return then simply became a ministerial duty. And mandamus lies to compel performance of duties purely ministerial and so clear and specific that no element of discretion can be exercised in their performance. State ex rel. Pearce v. Democratic State Central Committee, 229 La. 556, 566, 86 So.2d 192.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.