383 So.2d 1296 (1980)
CLARCO PIPELINE COMPANY
v.
PARISH OF EAST BATON ROUGE et al.
No. 13085.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
*1297 Tom F. Phillips, Warren L. Mengis, Baton Rouge, for plaintiff-appellee Clarco Pipeline Company.
Joseph F. Keogh, James J. Zito, Walter R. Monsour, Jr., Charles Raymond, Baton Rouge, for defendants-appellants Parish of East Baton Rouge and City of Baton Rouge.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, J.
Defendants appealed the judgment directing defendants to issue a permit for the construction of an oil storage tank.
The issues are:
(1) propriety of mandamus
(2) prematurity
(3) right of lessee to rebuild if the lease has been breached
(4) effect of ordinances placing conditions on issuance of the permit.
We reverse.
The City of Baton Rouge leased to plaintiff land on which the latter built an oil storage tank. One clause of the lease read as follows:
"It is hereby understood and agreed by the parties hereto that Lessee will provide those safeguards as is normal, usual and customary in the construction of the type of facilities it expects to construct on the properties herein leased, taking into consideration the fact that the surface area of the property designated `B' in the description above, will be used by agents, employees and/or contractors of the lessor as well as the public, therefore, all plans regarding the installation of said facilities shall be submitted to the Director of the Department of Public Works for the City of Baton Rouge for his written approval prior to the commencement of construction and/or installation."
Approximately two years after the tank was built and put into operation, it caught fire, damaging homes and other property in the vicinity.
After the plaintiff submitted plans for the reconstruction of the tank, the Director of the Department of Public Works suggested the addition of certain safety specifications and approved the plans. Thereafter, the Parish Council passed Parish Resolution 14984 and the City Council passed City Resolution 8597 which stated that permission for reconstruction shall be denied until:
"(1) Clarco agrees to recompense all claims resulting from said fire or furnishes a letter of intent to settle all legal claims and proves to the satisfaction of the City-Parish Government that said company is acting in good faith; and (2) a permit for such reconstruction is authorized by the City and Parish Councils."
The Director of the Department of Public Works said he would issue the permit except for the Council resolution. The plaintiff then brought this mandamus action against the City of Baton Rouge, the Parish of East Baton Rouge, the Mayor-President, the individual members of the City and Parish Councils, the Director of the Department *1298 of Public Works, and the Building Official for the city and parish requesting the court to order them to discharge their duty and to immediately issue a permit for the construction of a replacement tank on the leased property.
The defendants raised the exceptions of prematurity, unauthorized use of summary procedure, no right and no cause of action. The trial court overruled the exception of unauthorized use of summary procedure prior to the hearing and referred the other exceptions to the merits. After the hearing, the court overruled the exception of prematurity and overruled the exceptions of no right and no cause of action as to the City of Baton Rouge and the Parish of East Baton Rouge but sustained them as to the other defendants.
The trial court also ordered the defendants, through the proper officials, to issue the permit, making the writ of mandamus peremptory.
Mandamus is defined in C.C.P. Art. 3861 as a ". . . writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864." C.C.P. Art. 3863 states, "A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law . . .."
Mandamus will lie to compel performance only when there is no element of discretion left and the act is purely ministerial. Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739 (La.1948), Mares v. La. Wild Life and Fisheries Comn., 236 So.2d 650 (4th Cir. 1970).
Plaintiff has never filed an application with the building official who is authorized under the Code of Ordinances to issue permits.[1] As a matter of fact, a final set of plans incorporating all suggested changes has not been submitted to the Director.
We cannot agree that it would be useless to satisfy the formal requirements of the law for submission of an application and a complete set of plans. If the City is to fulfill its duties of inspection and approval of the construction, these documents are a necessity. The requirement is more than one of form: it is one of substance. We further note that the Director testified that he would have to have the complete plans before he could order a permit to issue.
Plaintiff argues that under the terms of the lease, plans are to be submitted to the Director of the Department of Public Works for approval. We doubt that the terms of a lease could supersede an ordinance. Furthermore, we believe that the lease dealt only with the relationship between lessor and lessee not that of municipality and a citizen.
The surface area of the adjacent lands were to be used by agents, employees and contractors of the lessee and by the general public, therefore all plans had to be submitted to the Director of the Department of Public Works prior to commencement of construction. This language is interpreted by the court to mean that the Director was acting as an agent for the lessor to assure the safety of agents, employees and contractors of the lessor as well as the general public. It did not negate the need for an application to be made to the building official.
Appellee argues that the application to the building official is a vain and useless requirement since the Director, the supervisor of the building official, has approved the plans. Further, they state that the permit was not required in the first construction. As we read the ordinance, the application to the building official is required. It may be pro-forma in view of the Director's prior approval but the permit is *1299 required. That the requirement was overlooked in the prior construction does not obviate the necessity. One error does not require a second.
Plaintiff argues that an application would have been fruitless after the resolution was passed by the City and Parish Councils. We cannot presume that in order to make mandamus applicable.
Perhaps the same decision can also be reached by employing the concept of prematurity. At the very least, the proper forms submitted to the proper official is prerequisite to resort to a writ of mandamus.
Appellants have contended that a mandamus should not issue to a lessor to require it to approve reconstruction when the lessee has breached the lease. Appellants themselves are now merging the statuses of lessor and municipality. In the first place there is no action for rescission and only the appellants' contention that the lease was breached. Furthermore, we find insufficient proof of any breach.
While we entertain considerable doubt as to the validity of the resolutions placing conditions upon the issuance of a permit,[2] our decision obviates the necessity of a holding thereon.
We find that the writ of mandamus was improperly issued. The judgment of the trial court is reversed at appellee's costs.
REVERSED.
NOTES
[1] Code of Ordinance Title 5, 1:5(b), in pertinent part states:

"The building official shall have the power and duty to enforce all of the provisions of this title; shall have general supervisory authority over the administration and enforcement of all building codes and ordinances; and shall coordinate the administration and enforcement of all such ordinances to insure that all provisions thereof are fully complied with before the issuance of necessary certificates of occupancy; all permits shall be issued by him and he shall collect all fees provided herein, and transmit the same to the director of finance."
[2] Summerell v. Phillips, 282 So.2d 450 (La.1973).