WHITE AUTO COMPANY *v.* COLLINS.

Opinion delivered September 23, 1918.

INTOXICATING LIQUORS—SHIPMENT INTO STATE—CONFISCATION OF CAR.—
    Where an automobile was sold on credit, and title retained in the
    seller until the purchase money was paid, and such car was used by
    the purchaser in bringing intoxicating liquors into the State contrary
    to law, such car was liable to confiscation under Acts 1917, c. 13, § 6,
    though the seller had no knowledge that the car was being used for an
    illegal purpose.

Appeal from Mississippi Circuit Court, Chickasawba
District; *W. J. Driver,* Judge; affirmed.

*W. D. Gravette* and *E. L. Westbrooke,* for appellant.

The court should have found for appellant. The
car was appellant's and it had no knowledge of its im-
proper use and was not a party to the illegal traffic. 53
S. E. 543; 87 *Id.* 976; 202 S. W. 229.

*John D. Arbuckle,* Attorney General, and *T. W.
Campbell,* Assistant, for appellee.

The auto was subject to confiscation, being a vehicle
and used in violating the law. Acts 1917, p. 45, § 6. The
cases cited by appellant are not in point. The authori-
ties are unanimous in favor of such forfeitures. 96 U.
S. 395; 123 *Id.* 623; 139 N. C. 219; 129 Fed. 167; 36 *Id.*
84; 22 Cyc. 1643, 1681 1644, 1681, § 2. ·

SMITH, J. Prior to October 8, 1917, the appellant
company sold to one Jones, in Memphis, Tennessee, an
automobile for jitney and taxi service, retaining the title
to the car until the purchase price had been paid. But
the payment had not been made on the date aforesaid.
After purchasing the car, Jones, without the knowledge
or consent of appellant, fitted the car with copper tanks
having an aggregate capacity of seventy to eighty gal-
lons of liquid, and, with the car thus camouflaged, pro-
ceeded to transport intoxicating liquor from Caruthers-
ville, Missouri, into and through Mississippi County, Ark-
ansas, in violation of the laws of this State. The sheriff
of that county arrested the occupants of the car, who were

fined for their violation of the law, and an order of the court was made confiscating the car.

Appellant brought replevin against the sheriff to recover the car, and the cause was heard upon an agreed statement of facts, containing, in addition to the above recitals, the statement that appellant was not a party to any of the procedure above outlined and had no knowledge of the tanks or of the use to which they were put, but, on the contrary, had no reason to believe the car was being used for any purpose other than that for which it was sold to Jones, to-wit, for taxi and jitney service.

Appellant has prosecuted this appeal to reverse the judgment of the court refusing to award it the possession of the car.

The car was confiscated under the provisions of section 6 of Act No. 13 of the Acts of 1917, Vol. 1, p. 41, prohibiting the shipment of intoxicating liquors into this State, and otherwise restricting the sale or transportation of intoxicating liquors. The relevant portions of the section referred to are as follows:

"That no property rights of any kind shall exist in the liquors mentioned in section 1 of this act, * * * or in any vessel, fixture, furniture, implements, or vehicles, when the said liquors or other property mentioned are kept, stored or used for the purpose of violating any law of this State, nor in any such liquors, bitters and drinks when received, possessed, kept or stored at any forbidden place; and in all such cases the liquors, bitters and drinks aforesaid, and said property herein named are forfeited to the State of Arkansas and may be seized, or searched for and seized, under the laws of this State and ordered to be destroyed in the manner and under the rules prescribed by law respecting contraband liquors or by order of the judge or court after a conviction * * *."

Appellant cites and relies upon the case of *Moody* v. *McKinney*, (S. C.) 53 S. E. 543. That was a suit to recover the possession of a horse and buggy which had been used in the transportation of liquor in violation of

a statute of South Carolina reading as follows: "Any wagon, cart, boat, or any other conveyance, together with horses, mules, or other animal or animals and harness, accompanying the same, transporting liquors at night, other than regular passenger or freight steamers and railway cars, shall be liable to seizure and confiscation * * *."

In that case, however, the violator of the liquor laws had possession of the horse and buggy without the knowledge or consent of the owner thereof, and the Supreme Court of that State held that the statute quoted did not apply under the facts stated.

Without expressing an opinion as to what our holding would be under similar facts, it suffices to say that we have here a different case. The purchaser of the car had the possession thereof with the knowledge and consent of the appellant company. Indeed, the sale itself gave this right of possession and the violation of the law was committed under the possession thus conferred.

There are a number of cases in the Federal Courts upholding the right of seizure and confiscation of property used for an unlawful purpose under statutes forfeiting property rights in property so used.

In the case of *United States* v. *One Black Horse,* 129 Fed. 167, it was held that "a vehicle and horse owned and let by a liveryman, used in smuggling liquor across the line into the United States, was subject to seizure and forfeiture, though the liveryman, who owned them, had no knowledge of the purpose for which the team and vehicle were to be used."

And in the case of *United States* v. *Two Bay Mules,* 36 Fed. 84, it was said: "When property becomes liable to forfeiture under the positive provisions of a statute, owners who have in no way participated in the frauds which caused the forfeiture, must seek redress from the wrongdoers who unlawfully used the property with which they were intrusted; or they can apply to the officers of the government invested with the authority to remit forfeitures."

The case of *Dobbins Distillery* v. *United States,* 96 U. S. 395, gives support to the view that one may forfeit his property by permitting another to have its use and possession who devotes it to an unlawful purpose without the owner's knowledge or consent.

A statute similar in principle to the one here under consideration was construed in the case of *United States* v. *Distillery at Spring Valley,* Federal Case No. 963, in which the court said that it is expected that the owner of property will see to the use made of it, at his peril.

The case of *Dobbins Distillery* v. *United States, supra,* is annotated in 10th Roses' Notes to United States Supreme Court Reports (Revised Edition), p. 193, and numerous cases are there cited which support judgments similar to the one here assailed. See also *Daniels* v. *Homer,* 3 L. R. A. (N. S.) 997.

There appears to be no question about the constitutionality of statutes similar to our own. Indeed, under the common law, property thus illegally used would be forfeitable *ipso facto.*

We conclude, therefore, that, as the appellant company had voluntarily parted with the possession of the car, it can not complain against the judgment of confiscation rendered against it because of the unlawful use made of it by persons who were in possession of it with the appellant's knowledge and consent.

Judgment affirmed.