BOSTON FIVE CENTS SAVINGS BANK *v.* CHARLES W. SEARLES.

Suffolk.   December 2, 1920. — March 2, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, & CARROLL, JJ.

*Police.   Revolver.   Conversion.*

If a revolver, which had been taken from the person of one who had it without the authority, consent or knowledge of its owner and who had been convicted under Sts. 1906, c. 172; 1908, cc. 350, 583, of unlawfully carrying it, was given to a member of the police department of the city of Boston as property clerk of the department and was retained by him for more than fourteen days without any application being made or any order of court issued under the provisions of St. 1908, c. 583, or any proceedings under R. L. c. 200, such officer became liable as a trespasser *ab initio* in an action of tort brought by the rightful owner of the revolver for conversion.

*It seems,* that the defendant in the action above described could not justify under

a rule of his department reading as follows: "Whenever any money or other property shall be needed to be used as evidence in any case in court, it may be retained by the officers concerned in the case until after the final disposition of said case, and shall then be turned over to the property clerk, unless otherwise disposed of by the Court. If any such money or other property placed in custody of the property clerk shall be required to be used as evidence in any court, he shall, upon an order from the Court to that effect, deliver such property to the officer who shall present the order. Such property, after being so used, shall be returned to the property clerk."

TORT for the conversion of a revolver, the defendant being a police officer in the police department of the city of Boston and property clerk of that department, and the revolver having been placed in his keeping after having been taken from the person of one who had it without right or the consent of the plaintiff and who had been convicted under Sts. 1906, c. 172; 1908, cc. 350, 583, of unlawfully carrying it. Writ in the Municipal Court of the City of Boston dated December 26, 1918.

The action was tried in the Municipal Court upon an agreed statement of facts. Material facts are described in the opinion. The "rule of the police department," referred to in the opinion as quoted in the defendant's brief and not in the agreed facts, was as follows, being quoted as Rule 18, § 4, of the Rules and Regulations of the Police Department:

"4. Whenever any money or other property shall be needed to be used as evidence in any case in court, it may be retained by the officers concerned in the case until after the final disposition of said case, and shall then be turned over to the property clerk, unless otherwise disposed of by the Court.

"If any such money or other property placed in custody of the property clerk shall be required to be used as evidence in any court, he shall, upon an order from the Court to that effect, deliver such property to the officer who shall present the order. Such property, after being so used, shall be returned to the property clerk."

The defendant asked for the following rulings:

"1. That upon the facts as agreed upon the plaintiff is not entitled to recover against this defendant.

"2. That the defendant is a public officer and depositary of said revolver as such and is not liable to the plaintiff in an action for conversion of said revolver.

"3. That by virtue of St. 1906, c. 172, and acts in addition thereof and amendments thereto the said revolver become confiscate to the use of the Commonwealth.

"4. That the said Searles by reason of his office and by reason of the law has a special property in said revolver.

"5. That the said plaintiff has not now and had not at the time of the bringing of this suit such property in this revolver as would found an action of tort for conversion against said defendant.

"6. That said defendant has not and never has converted to his own use the said revolver.

"7. That the plaintiff may not question the defendant's failure to apply for an order of this court to forward the revolver to the chief of the district police."

The rulings were refused. The judge found for the plaintiff in the sum of $15, and reported the case to the Appellate Division, who dismissed the report; and the defendant appealed.

The case was submitted on briefs.

*J. H. Devlin, Jr.,* for the defendant.

*W. R. Evans, Jr., & E. C. Jenney,* for the plaintiff.

RUGG, C. J. This is an action of tort wherein the defendant is charged with having converted to his own use a revolver belonging to the plaintiff. The agreed facts show that the revolver was the property of the plaintiff and was taken from the desk or drawer of its treasurer without the authority, consent or knowledge of the plaintiff or its officers by one Edward J. Lewis for his own personal use. Lewis subsequently was arrested and the revolver taken from his person by a police officer of Boston. Lewis then was put on trial in the Municipal Court of the City of Boston for carrying the revolver contrary to St. 1906, c. 172, as amended by St. 1908, cc. 350, 583, and duly convicted. Thereafter the revolver was deposited with the defendant, a police officer and "property clerk" of the police department of the city of Boston, who upon demand refused to deliver it to the plaintiff. This action was brought more than fourteen days after the last of these events.

It is provided by St. 1908, c. 583, that whenever any person is convicted of carrying a revolver contrary to the statute, the weapon so carried "shall be confiscated to the use of the Common-

wealth Any . . . revolver . . . so confiscated shall, by the authority of the written order of the court . . . be forwarded by common carrier to the chief of the district police, who, upon receipt·of the same, shall notify said court. . . . Said officer may sell or destroy the same, and, in case of a sale, after paying the cost of forwarding the article, he shall pay over the net proceeds to the Treasurer and Receiver General." No application has been made to any court nor has any order been made by any court for disposition of the revolver under that act. It is manifest that the defendant cannot justify under the terms of that statute, because it has not been complied with in any particular and he is not one of the officers named therein.

There is provision in R. L. c. 200, for libelling property forfeited for an offence, where no other provision is made, by proceedings in court to be instituted within fourteen days after seizure, for giving seasonable public notice of the pendency of the proceeding, for the appearance of claimants and for a decree of restitution or of forfeiture, sale, disposition of proceeds, or other appropriate disposition of the case. The course there pointed out has not been followed. Hence that statute affords the defendant no protection.

It is plain from these statutes that the Legislature did not intend by its mere fiat to cause property to be forfeited under the circumstances here disclosed. It made explicit provision for judicial proceedings to that end in every case. The defendant had no right indefinitely to retain possession of property, which did not belong to him, against the rights of the true owner. The defendant quotes in his brief a rule of the police department. That is not referred to in the agreed facts. But giving it force, there is nothing in its terms which under the facts here disclosed constitutes any defence.

No presumption can be made in favor of an intention on the part of the Legislature to declare forfeited lawful property of an innocent third person, of possession of which he is deprived by what appears to have been a theft. Whether a statute authorizing forfeiture under these circumstances would be constitutional need not be considered. See *J. W. Goldsmith, Jr.-Grant Co.* v. *United States,* 254 U. S. 505; *Dobbins's Distillery* v. *United States,* 96 U. S. 395; *Commonwealth* v. *Mixer,* 207 Mass. 141, and cases

there reviewed; *Attorney General* v. *Justices of the Municipal Court of the City of Boston,* 103 Mass. 456; *Fisher* 'v. *McGirr,* 1, Gray, 1, 28; *White Auto Co.* v. *Collins,* 136 Ark. 81; *Moody* v. *McKinney,* 73 S. C. 438; and cases collected in 20 Columbia Law Rev. 798.

It is enough to say that this defendant fails of justification under the terms of the statute. The case in this particular is completely within the authority of *Russell* v. *Hanscomb,* 15 Gray, 166, where it was said by Chief Justice Shaw at page 167: "Where an officer of the law, or other person in the exercise of a power conferred by law, rightfully takes property, but afterwards fails to comply with the provisions of. law in disposing of it, he thereby becomes a trespasser *ab initio,* and fails in his justification."

*Order dismissing report affirmed.*