FOURNET, Chief Justice.
The three above entitled cases, together with their companion case, State v. Bellande,[1] were previously before us for consideration on appeals taken by the state through its Department of Wild Life and Fisheries Commission, in all of which it was contended the trial judge erred in ordering nets seized and forfeited returned to the respective owners after their convictions and sentences on pleas of guilty to the charge of trawling in inside waters, in violation of R.S. 56:497. We set aside this order in the Bellande case but dismissed the appeals in the other three cases (now under consideration) because of lack of appellate jurisdiction.[2] A writ of cer-tiorari was subsequently granted in each so that we might review the trial judge’s refusal to grant the state’s motion requesting him to amend his prior judgments in order that the holdings in these cases would conform with our decision in the Bellande case.
Clearly our learned brother below was in error in refusing to amend his judgments by deleting therefrom that portion ordering the return of the seized nets to their owners, for, as pointed out in the Bellande case, under the provisions of the penalty clause of the statute involved (R.S. 56:507) the right to dispose of such forfeited equipment was vested in the Wild Life and Fisheries Commission.
For the reasons assigned, the order of the trial judge in each of the above entitled *473 cases is reversed and it is now ordered, adjudged and decreed that his order in the respective cases to return the trawl nets forfeited to their owners is annulled and set aside.

. 241 La. 213, 128 So.2d 14, 15.

. State v. Sonnier, 241 La. 216, 128 So. 2d 15; State v. Simmons, 241 La. 218, 128 So.2d 16; State v. Pierre, 241 La. 220, 128 So.2d 16.