SANDERS, Justice.
 

 The State charged the defendants in these cases with trawling in inside waters for salt water shrimp during closed season in violation of LSA-R.S. 56:495.1, a misdemeanor. After hearing the evidence, the trial judge found them guilty as charged. He sentenced each of them to fifteen days imprisonment in the parish jail and to pay a fine of $200.00 and court costs. The trial judge suspended all of the sentence except a portion of the fine, $25.00 and court costs. In connection with the sentence, he also ordered the Louisiana Wild Life & Fisheries Commission to return the trawls that had been seized at the time of the arrest.
 

 Contending that suspension of the sentences and return of the trawls were contrary to LSA-R.S. 56:507, the State moved to vacate the sentences. The trial judge overruled the motion, and the State reserved a Bill of Exceptions to both the sentences imposed and to the overruling of the motion to vacate the sentences. On application of the State under our supervisory jurisdiction, we granted writs to determine the legality of the sentences.
 

 Title 56 of the Louisiana Revised Statutes -contains the statutory provisions for the protection of wild life and fish. Sub-part E of Part VII relates to shrimp. LSA-R.S. 56:507 provides:
 

 
 *993
 
 “The jail sentences herein provided shall be mandatory, except for the first offense which shall be at the discretion of the court,' and no sentence or fine shall be suspended for any cause or reason whatsoever, nor shall any diminution of any sentence be granted or allowed for good behavior or otherwise. In addition thereto, and in the same proceedings, the seines, trawls, other devices or equipment, tackle, etc. used in the violation shall be forfeited by order of the court imposing the fine and sentence to the Louisiana Wild Life and Fisheries Commission for such disposition as in its discretion it may see fit to make.”
 

 The statute prohibits the suspension of a sentence. It also makes mandatory the forfeiture of the seines, trawls, and other devices used in the violation. State v. Sonnier, 242 La. 220, 135 So.2d 472 (1962); State v. Bellande, 241 La. 213, 128 So.2d 14 (1961).
 

 Defendants contend, however, that the prohibition against the suspension of sentence has been superseded by Article 894 of the Code of Criminal Procedure (1966). That article provides in part:
 

 “When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the execution of the whole or any part of the sentence imposed and release the defendant during his good behavior.”
 

 Defendants note that only one exception is mentioned in the code article: criminal neglect of family. Thus, they reason the article applies to all other misdemeanors, despite contrary sentencing provisions of special statutes. We find this argument untenable.
 

 The omission of criminal neglect of family makes no change from the former statute, LSA-R.S. 15:536, used as the source of the Article. Criminal neglect was specifically excepted both in the former statute and code article because of special probation regulations . applicable to it. See LSA-R.S. 15:305; former LSA-R.S. 15:536.1.
 

 As disclosed in the Reporter’s Comments, Article 894 applies to “most misdemeanor cases.” It was not designed to override the sentencing provisions of special statutes, such as those in the present case.
 

 Recently in State v. Glantz, 254 La. 306, 223 So.2d 813 (1969), we held that Article 893, C.Cr.P. had no effect on a special narcotics statute banning the suspension of sentence. There, we stated:
 

 “It is next argued that Article 893 of the Code of Criminal Procedure, which recognizes the right of a trial court to suspend sentences when it appears to be in the best interest of the public and the defendant, is controlling and should be applied to these defendants. It is contended that the general repealing clause
 
 *995
 
 contained in the Code of Criminal Procedure repealed those portions of R.S. • 40:981 which denied probation and suspension of sentence as being in conflict with Article 893. We find no merit in this argument. Article 893 is simply a reenactment without substantial change of former R.S. 15:530(A), the general law on suspension of sentences, and there was no intent to repeal any provisions of the specific and therefore controlling law, R.S. 40:981, which make exceptions to the general law.”
 

 • The principle announced controls the present case. We hold that the sentencing provisions of LSA-R.S. 56:507 remain in effect.
 

 Alternatively, defendants contend the prohibition against suspension of sentence constitutes cruel and unusual punishment in violation of Article I, Section 12 of the Louisiana Constitution and the Eighth Amendment of the United States Constitution. Hence, defendants assert, the sentencing provision of LSA-R.S. 56:507 is unconstitutional.
 

 In State v. Crook, 253 La. 961, 221 So.2d 473 (1969), we stated:
 

 “Cruel and unusual punishments are those that are barbarous, extraordinary, or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men.”
 

 LSA-R.S. 56:507 sets forth a schedule of penalties graduated according to the number of violations of which the offender has been convicted. For a first offense, the minimum sentence is a fine of $200. For a third or subsequent offense, the minimum sentence is a fine of not less than $750 and a jail sentence of not less than 90 days.
 

 The prohibition against suspension of sentence must be appraised in the light of these penalties. When this is done, the authorized sentences are neither barbarous nor grossly disproportionate. We find no punishment here that shocks the conscience of civilized men. Hence, the constitutional attack upon the punishment must fail.
 

 Defendants also attack the forfeiture provision of LSA-R.S. 56:507 as unconstitutionally vague. This provision reads:
 

 “In addition thereto, and in the same proceedings, the seines, trawls, other de- ■ vices or equipment, tackle, etc. used in the violation shall be forfeited by order of the court imposing the fine and sentence to the Louisiana Wild Life and Fisheries Commission for such disposition as in its discretion it may see fit to make.”
 

 To meet the constitutional standard, a penal statute must give a person of ordinary intelligence fair notice that his conduct is criminal. State v. Robertson, 241
 
 *997
 
 La. 249, 128 So.2d 646 (1961) and the authorities therein cited.
 

 The words “seines, trawls” have a well known meaning. The equipment forfeited in these cases consisted of trawls. Hence, the sufficiency of the statute as to them is apparent.
 

 The defendants, however, center their attack upon the residual clause, “other devices or equipment, tackle, etc.” Since no property was forfeited under this clause in the present case, the defendants have no standing to attack its sufficiency. Their rights are in nowise affected by it.
 

 Finally, the defendants assert the forfeiture provision deprives their wives of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution.
 

 They reason their wives have a community interest in the seines seized. Since the wives are not parties to the proceeding, they are deprived of their property without a hearing. Assuming, without deciding, that defendants can champion the cause, we find no merit in this contention.
 

 The state has the power to deter the violation of its fish and game laws by the forfeiture of the equipment used in the illegal taking of such fish and game. 35 Am.Jur.2d, Fish and Game § 54, p. 692. In LSA-R.S. 56:507, the Louisiana Legislature has provided for the forfeiture of seines, trawls, and other devices used in the illegal taking of shrimp. The forfeiture is adjudged in the criminal proceeding" against the violator but only after he has been duly convicted. The usual rights of appellate review apply. Such a proceeding satisfies the procedural requirements of due process for the forfeiture of the items, described in the statute. See Ely v. Bugbee, 90 Conn. 584, 98 A. 121, L.R.A.1916F, 910; Bruce v. Malloy, 150 Fla. 157, 7 So.2d 123; Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385; 35 Am.Jur.2d Fish and Game, § 54, p. 693.
 

 The statute applies to the equipment though it has been entrusted to the violator by an innocent owner. See State v. Bellande, supra. The wives’ community interest in the forfeited property raises no substantial constitutional question. Under Louisiana law, the husband is head and master of the community. As such, he administers the community property and represents the community. LSA-C.C. art. 2404. Such an application of the statute offends no principle of due process. Van Oster v. Kansas, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354, 47 A.L.R. 1044; White Auto Co. v. Collins, 136 Ark. 81, 206 S.W. 748, 2 A.L.R. 1594; Commonwealth v. Certain Motor Vehicle, 261 Mass. 504, 159 N.E. 613, 61 A.L.R. 548; 36 Am.Jur.2d, Forfeitures and Penalties, §§ 18, 19, pp. 624 — 625.
 

 For the reasons assigned, the sentence in each of these cases is annulled and set
 
 *999
 
 aside. The cases are remanded to the 17th Judicial District Court for the Parish of Terrebonne for the imposition of a legal sentence and the forfeiture of the seized trawls consistent with LSA-R.S. 56:507 and the views herein expressed.