CALOGERO, Justice.
These two consolidated cases raise an issue of first impression: the constitutionality of the automobile forfeiture statute, La. R.S. 40:989(A)(4).[1] Both trial judges have ruled in favor of releasing the vehicles at issue here.
The case involving the 1971 Green GMC van arose in the following manner. On October 14, 1976 at 11:15 p.m., officers of the Baton Rouge Police Department observed four young men standing beside a green GMC van, passing a hand-rolled cigarette among themselves. One young man was rolling another cigarette. The officers arrested the four for possession of marijuana. One of the four, Charles Baughman, gave a written consent to search the van. The search of the van revealed two plastic bags containing suspected marijuana, one shoe box containing suspected marijuana, and two packs of cigarette papers. The four young men were each charged with possession of marijuana with intent to distribute. The material seized was confirmed by chemical analysis to be marijuana.
As far as this record shows, no criminal charges have been filed against any of the four arrested.[2] Instead the District Attorney filed a rule to show cause why the GMC van should not be forfeited pursuant to La. R.S. 40:989. The rule alleges that the vehicle was registered to Polly M. Baugham, and that it was “used to transport a controlled dangerous substance; to wit: Marijuana, on October 14, 1976.” Ms. Baugh-man (who is Charles Baughman’s mother and who had absolutely no involvement with the criminal transaction) moved to quash the rule on the grounds that: 1) it would be a denial of due process of law in violation of the federal and state constitu *481 tions to require forfeiture of her property where it cannot be shown that she had actual or implied knowledge of criminal activity; 2) it would be a denial of equal protection of law to require forfeiture of this vehicle, and not a vehicle owned and operated by a common carrier; 3) the action is premature because no hearing has been held concerning the validity of the search of the van sought to be forfeited; and 4) the statute is unconstitutionally overbroad.
At the rule hearing, counsel stipulated to the police report, evidently agreeing that the, substance found in the van was marijuana and indicating that the van was parked the entire time it was in police view. Polly Baughman testified that the title of the van was in her name, although everyone in the family used the van, including her son Charles who was using it on the night in question with her permission.
The trial judge denied the forfeiture on the basis that the legislature intended the forfeiture provision to be available in cases of drug trafficking, but not in cases of simply possessing or using a drug within a vehicle. He felt that the statute was overly broad, and thus a violation of due process, since its language made possible the confiscation of a person’s property when he or she had no knowledge that any illegal substance was present in the vehicle. We granted the state’s application for writs to review the judge’s ruling, and consolidated the case with State v. One 1973 Pontiac Grand Prix.
The 1973 Grand Prix case involves a similar factual situation. On September 4, 1976, officers of the Baton Rouge Police Department, while investigating an automobile accident, were informed that the driver of one of the vehicles, a 1973 Pontiac Grand Prix, was seen just after the collision to have concealed something in his trunk. Officers approached the man, Jeffrey Scott, who, according to police officers, voluntarily opened the trunk and handed a paper bag to them which contained suspected marijuana. Officers searched the entire automobile and found other marijuana.[3] A total of twenty-six lids and one pound of marijuana was recovered.
On October 18, 1976, the District Attorney of East Baton Rouge Parish filed a rule to show cause why the 1973 Pontiac Grand Prix should not be forfeited, naming Jeffrey Scott as the person to whom the car was registered. A motion to quash was filed urging that the forfeiture statute is unconstitutional in that it provides for the seizure of property without due process of law in violation of Article I, Section 2 of the Louisiana Constitution of 1974 and thé fifth and fourteenth amendments to the United States Constitution, and that the statute does not require a showing of guilty knowledge or intent as a prerequisite to forfeiture.
The trial judge granted the motion to quash on the grounds that the statute violates the guarantee of due process in Article 1, section 1 of the Louisiana Constitution, and the right to property embodied in Article I, section 4 of the Louisiana Constitution. The state appealed that ruling. La.Const. art. V, § 5.
The forfeiture statute,[4] passed by the legislature in 1972, allowed the forfeiture of *482 any conveyance (aircraft, vehicle or vessel) which is used “or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, [or] possession *483 of a controlled dangerous substance. R.S. 40:989(A)(4). The statute exempts common carriers except in a case where the owner was “knowingly and intentionally a consenting party or privy to a violation of this part”. R.S. 40:989(A)(4)(a). Also exempted are private owners when the vehicle was stolen, or when the substance involved is one ounce or less of marijuana and the offense is committed by someone other than the owner without the consent of the owner. R.S. 40:989(A)(4)(b). The statute provides that the District Attorney shall proceed against the vehicle by rule to show cause in the district court having jurisdiction of the offense “on producing due proof that the vehicle was being used in violation of the provisions of this part.” R.S. 40:989(G). The vehicle “shall not be repleviable” but is forfeited to the use of the seizing law enforcement agency, for its own use or its disposal at public auction, the proceeds to be used for the costs of the proceeding. R.S. 40:989(D)(1)(2). Any excess funds go into the general fund of the parish (or, in Orleans Parish, to the Commission Council of the City of New Orleans). R.S. 40:989(J).
By its terms, the statute covers the two cases of marijuana possession now before the Court.[5] The illegal substance was discovered in vehicles which were being used in some manner to facilitate their possession. There is no necessity under the statute for the state to secure a criminal conviction against the car owner or driver, to establish that the seizure of contraband was legally made or that the possessor was lawfully arrested. Nor must the state prove its case beyond a reasonable doubt, or prove that the car owner had any knowledge whatsoever of the illegal possession (except in the two instances explained above which are not relevant here). The statute simply provides for confiscation of the vehicle on the state’s production of “due proof” that the vehicle contained any controlled dangerous substance or any materials or equipment used or intended for use in its manufacture. The issue now before us is wheth *484 er the state can constitutionally cause the forfeiture of these two vehicles.
The state urges that the trial judge in the GMC Van case and the trial judge in the Grand Prix case erred in finding that the statute violated Article I, section 2 of the Louisiana Constitution which proscribes the taking of property without due process of law. The state asserts that due process guarantees are met by the statute which requires the state to file a rule to show cause and thereafter establish that the vehicle was used in violation of the statute, and was legally in the hands of the user. Defendant then, it is argued, has the opportunity to show that the vehicle should be exempt from the statute.
Defendants, on the other hand, argue that due process requires a full and fair evidentiary hearing, a burden of proof higher than the civil more-probable-than-not standard, and opportunity for appeal of the forfeiture order before the forfeiture may be effected. Defendants also complain that under the statute the vehicle can be forfeited and sold before it is determined whether the search which produced the contraband was legal. Finally, defendants argue that requiring forfeiture of a car, especially when the owner had no knowledge at all of the criminal activity, is basically unfair as it is merely a punitive measure. Defendants, therefore, argue that the statute violates both procedural and substantive due process.
Initially it can be noted in regard to the substantive due process claim that a person convicted of his first possession of marijuana can be imprisoned no longer than six months and/or fined no more than five hundred dollars for the criminal offense, R.S. 40:966(D)(1) (or no more than five years and/or $2,000.00 on his second) but that he stands to lose his automobile, boat or plane in a forfeiture proceeding (very possibly a more severe penalty) when the state has not secured a conviction of any criminal law, has not even initiated prosecution, and may not even intend to attempt prosecution for any criminal violation. In regard to the procedural due process claim, it can be stated that the myriad protections which surround criminal prosecutions are not present in the forfeiture proceeding which offers no jury trial, no greater burden of proof than “due proof,” no need to prove that the search was legal, and no necessity for the state to establish that the vehicle owner knew or should have known of his vehicle’s use in criminal activity.
Louisiana law has traditionally looked with disfavor upon forfeitures. Puchner v. Employers’ Liability Assur. Corp., 198 La. 921, 5 So.2d 288 (1942); Homestead Soc. v. Langermann, 156 La. 76, 100 So. 55 (1924). A forfeiture proceeding, although technically a civil proceeding, is designed as a penalty for violation of a law. State v. Billiot, 254 La. 988, 229 So.2d 72 (1969); Cornman v. Conway, 178 La. 357, 151 So. 620 (1933); Finance Sec. Co. v. Conway, 176 La. 456, 146 So. 22 (1933); Perry v. Butler, 8 So.2d 95 (La.App.1942); Armbruster v. Behan, 3 Orl.App. 184 (La.App.1906); see United States v. U. S. Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1885). When a forfeiture provision is pe nal in nature, conviction of the offender on the criminal matter has routinely been held to be a prerequisite to confiscation. See Lowther v. United States, 480 F.2d 1031 (10th Cir. 1973); United States v. $3,296.00 in Currency, 286 F.Supp. 543 (D.C.N.Y.1968); Shipman v. Du Pre, 222 S.C. 475, 73 S.E.2d 716 (1952); People v. Reulman, 62 Cal.2d 92, 41 Cal.Rptr. 290, 396 P.2d 706 (1964); State v. Benavidez, 356 S.W.2d 845 (Tex.Civ.App.1962). Consistent with this jurisprudence, in State v. Billiot, supra, we upheld the Louisiana statute allowing forfeiture of the equipment used in the illegal taking of fish and game against a due process attack, concluding that the statute was constitutional because the forfeiture could be effected only after the criminal conviction. See R.S. 56:507-508. We note also that under our fish and game statute when the criminal violation is nolle prosequied or dismissed, or when the accused fisherman is acquitted, the seized vessel and equipment *485 must be returned to its owner without delay. R.S. 56:508.
The forfeiture statute at issue, on the other hand, purports to allow the forfeiture of vehicles when no one (owner, driver, lessee, etc.) has been either prosecuted or convicted of the underlying drug offense. It allows no action for return of the vehicle when a criminal prosecution is nolle prose-quied or dismissed or when the accused is acquitted. Nor can the owner apply, as he can after forfeiture under the federal statute, for remission or mitigation of the forfeiture. 49 U.S.C. § 788 (1964). The Louisiana statute, in fact, provides that “[p]ro-perty taken or detained under this section shall not be repleviable”. R.S. 40:989(C). We find the failure of the statute to require criminal conviction before forfeiture to be a major statutory infirmity.
Additionally, we find the statute deficient in that it does not require proof that the search producing the controlled dangerous substance was legal. Because a forfeiture proceeding is in substance and effect a criminal proceeding, the United States Supreme Court has held that it falls under the protection of the fourth amendment, and evidence obtained as the result of a wrongful search and seizure cannot be used in a forfeiture action. One 1958 Plymouth Sedan v. Commonwealth of Pa., 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). Moreover, a vehicle seized after an unlawful arrest cannot be forfeited. Berkowitz v. United States, 340 F.2d 168 (1st Cir. 1965). But the statute at issue here, R.S. 40:989(A)(4) does not make forfeiture conditional upon a finding that seizure of the driver or the illegal substance was done in a manner comporting with federal or state constitutional standards. Therefore it unconstitutionally would allow the use of illegally seized evidence as a basis for forfeiture.
In addition to these infirmities, and perhaps the most significant problem with the statute, is the fact that it allows the confiscation of an automobile, a boat, or an airplane without any requirement that the vehicle or vessel owner knew of the illegal possession, had consented to it, or had any connection with it at all. A person cannot be convicted of a drug offense in this state without proof that he knew that the substance he possessed or sold was an illegal drug. R.S. 40:966(A); State v. Knight, 298 So.2d 726 (La.1974); State v. Elzie, supra.
Since this forfeiture statute is penal in nature and has as its object punishment for a criminal offense, due process does not allow an innocent person to be penalized for an offense which he did not commit, which he did not intend to allow his vehicle to be used to commit, and which he had absolutely no knowledge was being committed. Our decision in this regard is in line with those of many other courts which have held that a vehicle cannot be forfeited unless the owner knew of, consented to or had some connection with the unlawful use of the vehicle by the person to whom he had entrusted it. Re One 1965 Ford Mustang, 105 Ariz. 293, 463 P.2d 827 (1970); Re One 1962 Volkswagen Sedan, 105 Ariz. 315, 464 P.2d 338 (1970); Garner v. State, 121 Ga.App. 747, 175 S.E.2d 133 (1970); 1957 Chevrolet v. Division of Narcotic Control of Dept. of Public Safety, 27 Ill.2d 429, 189 N.E.2d 347 (1963); People v. One 1941 Buick Sport Coupe, 28 Cal.2d 692, 171 P.2d 719 (1946). In United States v. U. S. Coin & Currency, supra, 401 U.S. at 721, 91 S.Ct. at 1045, the United States Supreme Court stated in this regard that “When the forfeiture statutes are viewed in their entirety, it is manifest that they are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise.” (emphasis added) Because the statute demands no such proof of knowledge on the part of the vehicle owner, it allows the taking of property without due process of law.
Therefore, because the statute allows forfeiture of a person’s vehicle without proof of conviction on the drug offense, proof of the legality of the search and seizure, and proof that the vehicle owner himself knew of, should have known of, or was involved in the criminal offense, R.S. 40:989(A)(4) offends the due process clauses of the federal and state constitutions. U.S.Const., *486 fifth and fourteenth amendments; La. Const, art. I, § 2 (1974).
Additionally and independently we hold that the forfeiture statute unlawfully impinges upon the right to property guaranteed by the Louisiana Constitution of 1974. That provision, Article I, section 4 of the Constitution, guarantees in pertinent part that:
“Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.”
* * * * * *
“Personal effects, other than contraband, shall never be taken.”
The state argues that the taking of the two defendant automobiles pursuant to the forfeiture statute, which provides that “[t]he following shall be subject to forfeiture and no property right shall exist in them,” is a reasonable exercise of the police power. Alternatively, the state urges the Court to adopt the federal jurisprudence which categorizes certain vehicles containing contraband as “derivative contraband.”
The constitutional provision grants each citizen the right to own and use his property subject to reasonable statutory restrictions and reasonable exercise of the police power. This statute, it is argued, is a reasonable exercise of that power because the statute’s purpose is the thwarting of traffic in illegal drugs. As such, it is argued, it promotes the common welfare by “dispossessing an individual of a vehicle which is utilized for the purpose of illegally transporting controlled dangerous substances.”
Forfeiture is not an exercise of the police power but a punishment for an illegal act. State v. Billiot, supra; Cornman v. Conway, supra; Finance Sec. Co. v. Conway, supra. In Cornman and Finance Sec. Co., both of which involved the forfeiture of an automobile seized while transporting illegal malt extracts, we quoted with approval this statement from Ernst Freund, The Police Power, p. 558, § 526:
“Such forfeiture is not an exercise of the police power, i. e., the taking of the property does not directly subserve the public welfare, but is intended as punishment for an unlawful act.” 176 La. at 463, 146 So. at 24.
This statute does more than simply effect forfeiture of the vehicle of a person who uses his car while trafficking in illegal drugs. It also effects forfeiture (punishment appropriate only for law violation) of the vehicle of a person, such as Ms. Baughman, who has not violated our drug laws. She is an innocent person who is being penalized by loss of her vehicle by operation of the statute. And we find a situation where an owner who does know, for example, that two ounces of marijuana has been left in his automobile, boat or plane and stands to lose all his or her right to that vehicle because of such knowledge and possession far too harsh a penalty for violation. See Cornman v. Conway, supra.
Article I, section four of our Constitution was intended to give “far-reaching new protection” to the right of citizens to own and control private property. L. Jenkins, The Declaration of Rights, 21 Loy.L. Rev. 9, 19 (1975); see XII Constitutional Convention of 1973, Verbatim Transcripts, 6-120 (August 30,1973). Its language goes beyond other state constitutions, including our 1921 Constitution, and the federal constitution in limiting the power of government to regulate private property. Jenkins, supra; L. Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 1 (1974); see Guidry v. Roberts, 335 So.2d 438 (La.1976). Under these circumstances, we find that R.S. 40:989(A)(4) is an unreasonable restriction on the right to property guaranteed by Article I, section 4 of the Louisiana Constitution.
Nor do we find merit in the state’s argument that the defendant automobiles are “derivative contraband” and as such are subject to seizure because they fall within the contraband exception of Article I, section 4 which provides that “Personal ef *487 fects, other than contraband, shall never be taken.”
Under our law contraband is property insusceptible of ownership. State v. Billiot, supra; Gascon v. State, Department of Public Safety, 263 So.2d 81 (La.App. 1st Cir. 1972). It is an article, such as an illegal drug, the possession of which is proscribed by law. We find particularly apt this statement of the United States Supreme Court in One 1958 Plymouth Sedan v. Commonwealth of Pa., supra, 380 U.S. at 699, 85 S.Ct. at 1250:
“There is nothing even remotely criminal in possessing an automobile. It is only the alleged use to which this particular automobile was put that subjects [its owner] to its possible loss.”
These automobiles cannot be termed “contraband” and subject to forfeiture like illegal narcotics. See United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951). In short, these vehicles are not contraband but are personal effects, the ownership of which is protected by Article I, section 4 of the Constitution.
Because we today strike R.S. 40:989(A)(4) as unconstitutional because it violates state and federal constitutional due process guarantees, and, independently, violates our state constitutional right to property, we do not reach the other issues in this case. We emphasize that our decision affects only that portion of R.S. 40:989 which allows for the forfeiture of conveyances including aircraft, vehicles, or vessels namely, R.S. 40:989(A)(4). Thus we find the provision at issue, R.S. 40:989(A)(4), severable from the statute because it is independent from the remainder of the statute, and hot so intertwined with it as to raise the presumption that the legislature would not have enacted the statute without this provision. Guidry v. Roberts, supra; Roy v. Edwards, 294 So.2d 507 (La.1974).
Therefore, for the reasons assigned, we hold Revised Statute 40:989(A)(4) unconstitutional, affirming the decisions of both courts below, and we order the vehicles released to their owners without delay, the state to bear all costs of these proceedings permitted by law.
SANDERS, C. J., and MARCUS, J., dissent.
SUMMERS, J., dissents and assigns reasons.

. Other portions of R.S. 40:989 allow the forfeiture of such things as the controlled dangerous substances themselves, the materials and equipment used to produce such substances, and all property which is used as a container for such substances. Those portions of the statute providing for such forfeitures are not at issue in this case.

. Although the record before us reflects no reason for the state’s failure to prosecute, it can be noted that the small amount of marijuana seized in the case would not support an inference that the young men possessed the marijuana with the intent to distribute it. See State v. Elzie, 343 So.2d 712 (La.1977); State v. House, 325 So.2d 222 (La.1975).

. Scott was charged with possession of marijuana with intent to distribute. The validity of these two seizures was raised by defendant Scott in the criminal case filed against him. His motion to suppress was denied by the trial judge, and his application for supervisory writs to this Court was denied on the basis that he had an adequate remedy by review in event of conviction. State v. Scott, 346 So.2d 222 (La.1977).

. The forfeiture statute, R.S. 40:989, reads as follows:
“A. The following shall be subject to forfeiture and no property right shall exist in them:
(1) All controlled dangerous substances which have been produced, manufactured, distributed or dispensed or acquired in violation of the provisions of this part;
(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in producing, manufacturing, dispensing, compounding, processing, importing, or exporting any controlled dangerous substance in violation of the provisions of this part;
*482 ís) All property which is used, or intended for use, as a container for property described in Paragraphs (l)-and (2);
(4) All conveyances including aircraft, vehicles, or vessels which are used or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, production, manufacture, compounding, dispensation or concealment of property described in Paragraphs (1) and (2), except that:
(a) No conveyance used by any person as a common carrier in the transaction of business as a common carrier shall be forfeited under the provisions of this part unless it shall appear that the owner or other person in charge of such conveyance was knowingly and intentionally a consenting party or privy to a violation of this part; and,
(b) No vessel, vehicle, or aircraft shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any state; provided, however, that when the vessel, vehicle, or aircraft involved contained only marijuana, in an amount of one ounce or less, the vessel, vehicle, or aircraft shall not be forfeited under the provisions of this section by reason of any act or omission upon proof by the owner thereof that such act or omission had been committed or omitted by any person other than such owner without the consent of the owner;
(5) All books, records, and research, including formulas, microfilm, tapes, and data which are used, or intended for use, in violation of this part.
B. Any property subject to forfeiture under this part may be seized upon process issued by any court of record having jurisdiction over the property except that seizure without such process may be made when:
(1) The seizure is incident to an arrest with probable cause or a search under a valid search warrant or an inspection under a valid administrative inspection warrant;
(2) The property subject to seizure has been the subject of a prior judgment in favor of the state in a criminal injunction or forfeiture proceeding under this part.
C. Property taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody of the law enforcement agency making the seizure subject only to the orders and decrees of the court of record having jurisdiction thereof. Whenever property is seized under the provisions of this part, the law enforcement officer or employee, aforesaid, making the seizure shall:
(1) Place the property under seal;
(2) Remove the property to a place designated by the valid warrant under which such property was seized; or,
(3) Request that the Department of Public Safety take custody of the property and remove it to an appropriate location for disposition in accordance with law.
D. Whenever property is forfeited under this part the law enforcement agency making the seizure may:
(1) Retain the property for official use;
(2) Sell any forfeited property, which is not required to be destroyed by law and which is not harmful to the public, provided that the proceeds be used for payment of all costs of the proceedings for forfeiture and sale including expenses of seizure, maintenance of custody, advertising and court costs;
(3) Request that the Department of Public Safety take custody of the property and remove it for disposition in accordance with law; or
(4) Forward it to the Bureau of Narcotics and Dangerous Drugs for disposition. Such disposition may include delivery for medical or scientific use to any federal or state agency under regulations of the president of the State Department of Health.
E. All substances listed in Schedule I that are produced, possessed, transferred, sold, distributed, dispensed or offered for sale in violation of the provisions of this part shall be deemed contraband and seized and summarily forfeited to the state. Similarly, all substances listed in Schedule I, which are seized or come into the possession of the state, the owners of which are unknown, shall be deemed contraband and summarily forfeited to the state.
(1) All species of plants from which controlled substances in Schedules I and II may be derived which have been planted or cultivated in violation of this part, or of which the owners or cultivators are unknown, or which are wild growths, may be seized and summarily forfeited to the state.
(2) The willful failure, upon demand by a duly authorized law enforcement officer, the president of the State Board of Health or his duly authorized agent, of the person in occupancy or in control of land or premises upon which such species of plants are growing or being stored, to produce an appropriate registration, or proof that he is the holder thereof, shall constitute grounds for the seizure and forfeiture of such species of plant, the regulation of which is herein provided for.
F. Any law enforcement agency is empowered to authorize, or designate, officers, agents, or other persons to carry out the *483 seizure provisions of this section. It shall be the duty of any officer, agent, or other person so authorized or designated, or authorized by law, whenever he shall discover any vessel, vehicle, or aircraft which has been or is being used in violation of any of the provisions of this section, or in, upon, or by means of which any violation of this section has taken or is taking place, to seize such vessel, vehicle, or aircraft and to place it in the custody of such person as may be authorized or designated for that purpose by the respective law enforcement agency pursuant to these provisions.
G. The district attorney within whose jurisdiction the vessel, vehicle, or aircraft or other property has been seized because of its use or attempted use in violation of any provision of this part shall proceed against the vessel, vehicle, or aircraft or other property by rule to show cause in the district court having jurisdiction of the offense and have it forfeited to the use of or the sale by the law enforcement agency making the seizure on producing due proof that the vehicle was being used in violation of the provisions of this part.
H. Where it appears by affidavit that the residence of the owner of the vessel, vehicle, or aircraft or other property is out of the state or is unknown to the district attorney, the court shall appoint an attorney-at-law to represent the absent owner, against whom the rule shall be tried contradictorily within ten days after its filing. This affidavit may be made by the district attorney or one of his assistants. The attorney so appointed may waive service and citation of the petition or rule but shall not waive time nor any legal defense.
I. Whenever the head of the law enforcement agency effecting the forfeiture deems it necessary or expedient to sell the property forfeited, rather than to retain it to the use of the law enforcement agency, he shall cause an advertisement to be inserted in the official paper of the parish where the seizure was made, and after ten days, shall dispose of said property at public auction to the highest bidder, for cash and without appraisal.
J. The proceeds of all funds collected from any such sale, except as provided in Subsection D(2) above, shall be paid into the general fund of the parish and in the parish of Orleans, to the Commission Council of the city of New Orleans.
K. The rights of any mortgage holder or holder of a vendor’s privilege on the property seized under this part shall not be affected by the seizure.”

. In the GMC Van case it was never established for the record that the weight of the marijuana involved was over one ounce. However, we will assume for purposes of this opinion that the weight requirement was met. R.S. 40:989(A)(4)(b).