PER CURIAM.
| ¡.Relator seeks review of his misdemean- or conviction for taking/possessing undersize commercial channel catfish, a violation of La. R.S. 56:326. For the following reasons, the writ application is denied.
After a bench trial, the court found relator guilty and sentenced him to 90 days in jail. The court suspended the sentence and placed relator on two years probation, with the condition that he not fish for two years. The court also sentenced relator to pay a $250.00 fine and court costs, and in default of payment, to serve 30 days in jail. Testimony at relator’s trial indicated that relator was issued a citation by Wildlife and Fisheries agents on the date of the commission of the crime, and an order of seizure for the boat was given to relator to review and sign. La. R.S. 56:33 provides for forfeiture to the Wildlife and Fisheries Commission of anything seized in connection with the violation for a second, third or subsequent violation. After relator’s conviction and sentence, an order of forfeiture was signed by the district court for forfeiture of a 17-foot aluminum Express boat used by relator to take the undersize fish and a Yamaha outboard motor.
Relator filed a motion to reconsider sentence, which was denied after a hearing. In the current writ application, relator raises the following three issues: (1) whether the trial court erred in ordering that the boat and motor be forfeited to the Louisiana Department of Wildlife and Fisheries for a class 3 violation, first offense, (2) whether the trial court erred in denying the motion to reconsider sentence, and (3) whether the trial court erred in imposing an excessive and/or illegal sentence. The basis of relator’s motion to reconsider sentence and the instant writ application is that the district court erred in signing an order of forfeiture for a boat that does not belong to relator.
Because there were questions concerning whether relator had been convicted as a first, third or subsequent offender, this Court issued an interim order for the State to file a response and invited the district court to file a per curiam addressing the following issues: (1) whether the bill of information should allege relator’s offender status; (2) whether relator was convicted and sentenced for a first offense or a third or subsequent offense pursuant to La. R.S. 56:33; and (3) whether any due process concerns are involved in seizing a vessel that belongs to a third party. See State v. Fonseca, 2008-2529 (La.App. 1st Cir.3/17/09) (unpublished). The State filed a response; the district court did not file a per curiam.
[^Relator was charged with a violation of La. R.S. 56:326(A)(7), a class 3 offense. La. R.S. 56:33 provides the penalties for class 3 violations. For a first offense, the penalty is a fine of not less than $250.00 nor more than $500.00, imprisonment for not more than ninety days, or both. See La. R.S. 56:33(1). For a third or subse *367 quent offense, the fíne shall be not less than $750.00, nor more than $1000.00, imprisonment for not less than ninety days nor more than one hundred twenty days, and forfeiture to the commission of anything seized in connection with the violation. See La. R.S. 56:88(3).
The sentence imposed by the trial court is not in compliance with La. R.S. 56:33 because it imposes a fine of $250.00 and forfeiture of the vessel. Although forfeiture of a vessel is mandatory for a third or subsequent offender, it is not authorized for a first offender. However, the $250.00 fine assessed by the court is the penalty for a first offense.
Since the penalty depends upon the grade of the offense, we must first determine whether the grade is an element of the offense to be determined by the trier of fact or an enhancement provision applied during sentencing. See State v. Skipper, 2004-2137 (La.6/29/05), 906 So.2d 399. According to the information included in relator’s application, the charging instrument does not specify whether this is a first, second, or third offense. La. R.S. 56:33, the statute setting forth sentencing provisions for violations of class 3 violations, does not define a crime. Unlike some enhancement statutes, where subsequent convictions become felonies as the penalties grow more severe, class 3 violations under La. R.S. 56:33 remain misdemeanors even as forfeiture of the vessel used in commission of the offense becomes mandatory for a third or greater offense. Although all of the offenses upon which enhanced sentencing is based must be prohibited by Wildlife and Fisheries provisions in order for La. R.S. 56:33 to apply, the prior offenses are not required to be violations of the same criminal act. Thus, we conclude that the offender status is a sentence enhancement provision, rather than an element of the offense, and it need not be placed in the bill of information or presented to the fact finder.
La. R.S. 56:33 does not contain a procedural framework for alleging and proving the grades of the underlying charge or any predicate convictions. Nevertheless, during his trial, relator admitted that he had prior convictions. When the State asked relator how many times he had paid fines on a charge of taking or possessing undersize commercial fish, relator replied, “If I’d have to guess how many times, I’m going to guess again, five, six, seven times.” The [4prosecutor asked, “Would 18 be more accurate?” Relator stated, “That would—maybe it will be that high, too.” Hence, relator admitted during trial that this was his third or subsequent offense. At the hearing on relator’s motion to reconsider sentence, the court noted that relator is “a repeated offender by his own admission.” Thus, relator admitted to more than two prior convictions and the court sentenced him as a repeat offender. Accordingly, forfeiture was appropriate.
Regarding the due process rights of relator’s son, the purported owner of the boat, the law provides that an enforcing officer shall seize vessels used to commit any offenses prohibited by Chapter 1 of Title 56 and taken into possession by the department. See La. R.S. 56:57. Relator does not allege that the procedure used to sell the boat or that any notice requirements prior to the sale were defective. After relator was convicted and sentenced in the instant case, the court ordered forfeiture and sale of the vessel in compliance with La. R.S. 56:59.
In State v. Billiot, 254 La. 988, 229 So.2d 72 (1969), the defendants were charged with trawling in inside waters for salt water shrimp during closed season. They were found guilty as charged after trial. In *368 connection with their sentences, the court ordered the Louisiana Wildlife and Fisheries Commission to return the trawls that were seized when the defendants were arrested. The State objected to the return of the equipment.
The defendants in Billiot asserted that the forfeiture provision deprived their wives of property (the seines seized) without due process of law because their wives possessed a community interest in the seines seized, but their wives were not parties to the proceeding and thus were deprived of their property without a hearing. The Louisiana Supreme Court found that this claim was without merit because the State has the power to deter the violation of its fish and game laws by the forfeiture of the equipment used in the illegal taking of such fish and game. The court stated, “The usual rights of appellate review apply. Such a proceeding satisfies the procedural requirements of due process for the forfeiture of the items described in the statute.” Id. at 75. The Court added that this statute applies to equipment even if it has been entrusted to the defendant by an innocent owner.
In State v. Bellande, 241 La. 213, 128 So.2d 14 (1961), the defendant pled guilty of trawling in inside waters. In connection with his sentence, defendant was ordered to forfeit the trawl nets and other paraphernalia used in connection with the violation pursuant to La. R.S. 56:507. After imposition of the sentence, testimony was heard that the activities constituting the crime for which the defendant was convicted and sentenced “were conducted without the permission and contrary to |fithe instructions of the owners of the equipment used.” Id. at 15. The trial court directed the forfeited nets be returned to their owners. The State, through the Wildlife and Fisheries Commission, appealed. The Louisiana Supreme Court noted that under the penalty provisions of the statute, the trial court was without authority to issue the order directing the return of the trawl nets to the owners because the right to dispose of the forfeited equipment is vested by statute in the Wildlife and Fisheries Commission.
At the hearing on the motion to reconsider sentence, relator testified that the boat belonged to his son. The registration completed by the boat dealership was introduced into evidence, and Kim Fonseca’s name was on the dealer’s registration sheet.
In the instant case, La. R.S. 56:33(3) specifically provides that upon a third or subsequent violation of the statute, forfeiture is ordered to the Wildlife and Fisheries Commission of anything seized in connection with the violation. La. R.S. 56:59 provides the procedure for disposition of vessels and other seized equipment. Seized vessels may be released from seizure upon the “owner or person in charge” furnishing bond with security as fixed and approved by the court. See La. R.S. 56:59(A). If the penalty for the offense charged includes forfeiture, once the defendant is convicted, “the court shall order the thing forfeited to the department and sold at public auction by the sheriff without necessity of appraisement but after advertisement as prescribed by law for the sale of movable property seized under a writ of fieri facias.” See La. R.S. 56:59(A). As an alternative, the court may, on petition of the secretary, order suspension of operation of the item seized. See La. R.S. 56:59(A). La. R.S. 56:59(C) further provides that proceedings under this Section may be in rem against the item seized, and when so instituted shall be conducted in accordance with La. R.S. 34:801 through 34:817. This Section further provides, “Notice of an in rem proceeding shall be given by the department as provided in *369 R.S. 34:806 and persons interested may file answers as provided in R.S. 34:808. If no answer is filed, default may be taken as provided in R.S. 34:809.”
Relator does not allege that the actual forfeiture proceeding was defective. During the hearing on the motion to reconsider sentence, the court referenced La. R.S. 56:59, and stated, “The Court shall order the thing forfeited, which I have done, and sold at public auction.” Relator’s son could have asserted his right as the owner of the boat during the proceedings leading to the sale of the boat, but apparently he did not do so.
| ^Relator also alleges that his sentence is illegal and excessive because forfeiture is not included as a penalty for the offense of which relator was convicted. Relator admitted that he is a third or subsequent offender, and he was sentenced as a repeat offender. Imposition of the $250.00 fine is illegally lenient for a third or subsequent offense. However, it is not mandatory that this Court correct the portion of relator’s sentence imposing the fine. See State v. Price, 2005-2514 (La.App. 1st Cir.12/28/06), 952 So.2d 112, writ denied, 2007-0130 (La.2/22/08), 976 So.2d 1277. Moreover, as a third or subsequent offender, forfeiture to the commission of anything seized in connection with the violation is required under La. R.S. 56:33(3). Thus, forfeiture of the boat was within the sentencing guidelines.
A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868 (La.App. 1st Cir.10/3/00), 797 So.2d 75, 83, writ denied, 2000-3053 (La.10/5/01), 798 So.2d 962. The district court noted that relator is a third or subsequent offender pursuant to La. R.S. 56:33(3), and the boat was ordered forfeited pursuant to La. R.S. 56:59. The district court did not abuse its discretion in ordering forfeiture of the boat.
Accordingly, relator’s writ application is denied.
GUIDY, J. dissents.