411 So.2d 588 (1982)
STATE of Louisiana in the Interest of Curtis FRANCOIS.
No. 14703.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Joseph A. Sims, Jr., Asst. Dist. Atty., Hammond, for the State.
Thomas Frierson, Asst. Public Defender, Livingston, for defendant-appellant.
Before CHIASSON, EDWARDS and LEAR, JJ.
LEAR, Judge.
On January 5, 1981, a theft of $40.00 from an automobile was reported to have occurred in Walker, Louisiana. Deputy John Bess of the Walker Police Department, after an initial investigation, located and detained Curtis Francois, a juvenile aged sixteen years old. Curtis was then taken by the deputy to the Livingston Parish Courthouse for questioning. Curtis's mother, Elizabeth Francois, who was already at the courthouse concerning an unrelated matter, was informed that her son was being brought there for questioning concerning the "robbery". Mrs. Francois was waiting for her son and the deputies when they arrived. Upon their arrival, Curtis, his mother and the two deputies went into a room in the courthouse and one of the deputies informed Curtis of his constitutional rights as per Miranda. Curtis then signed a consent to question form, which is in the record. Immediately thereafter Curtis was questioned and subsequently gave an oral confession which implicated him in the theft. Mrs. Francois was in the presence of her son from the time he arrived at the courthouse through the questioning and his confession.
A motion to suppress the oral inculpatory statement (confession) made by Curtis was filed in the delinquency proceeding below. The motion to suppress was denied and, after an adjudicatory hearing, the court *589 found Curtis to be delinquent. This appeal was then filed on his behalf, challenging the admission of the oral inculpatory statement.
Article I, Section 13 of the 1974 Louisiana Constitution provides that an arrested or detained person be fully advised of his right to remain silent, his right against self-incrimination and his right to the assistance of counsel. Even before the adoption of Article I, Section 13 in 1974, these advisory warnings were mandated by the United States Supreme Court in its ruling in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). And, these principles were also held to apply to juvenile proceedings by the United States Supreme Court in the case of In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In the case of State In Interest of Dino, 359 So.2d 586 (La.1978), our Supreme Court expanded on these principles as they are applied to juveniles. In Dino the Court stated that:
"Because most juveniles are not mature enough to understand their rights and are not competent to exercise them, the concepts of fundamental fairness embodied in the declaration of rights of our constitution require that juveniles not be permitted to waive constitutional rights on their own. For these reasons we hold that in order for the state to meet its heavy burden of demonstrating that a waiver is made knowingly and intelligently it must affirmatively show that the juvenile engaged in a meaningful consultation with an attorney or an informed parent, guardian or other adult interested in his welfare before he waived his right to counsel and privilege against self-incrimination. [emphasis added]
"Accordingly, the purported waiver by a juvenile must be adjudged ineffective upon the failure by the state to establish any of three prerequisites to waiver, viz., that the juvenile actually consulted with an attorney or an adult before waiver, that the attorney or adult consulted was interested in the welfare of the juvenile, or that, if an adult other than an attorney was consulted, the adult was fully advised of the rights of the juvenile." [emphasis added]
In Dino, the juvenile's mother, while actually present in a separate room at the police station, was not present with or asked if she wished to be present with her son while the police questioned him. Nor was she informed of her son's constitutional rights or given an opportunity to confer with him about whether he should waive his constitutional rights and give the police a statement.
In this present case Mrs. Francois was present with her son when he was informed of his right to remain silent and to the assistance of counsel and was present during the questioning of her son. While both she and her son testified at the motion to suppress that they were advised of these constitutional rights and understood that Curtis did not have to make a statement, that they could have requested the presence of an attorney and that they could have terminated the questioning at any time, the evidence reveals that Curtis did not actually consult with nor discuss with his mother whether these rights should be waived and whether he should make a statement to the officers. The record further indicates that neither Curtis, nor his mother, were advised that they had the right to actually consult with each other and discuss in private whether these rights should be waived and a statement given. The evidence also shows that no opportunity for consultation or discussion was afforded to Curtis and his mother prior to his waiver of his rights and questioning. In fact, Mrs. Francois testified that she did not realize or understand that she had the right to have a private consultation or discussion with her son prior to the waiver of his rights and the questioning.
In Dino the Court required an affirmative showing that the juvenile engaged in a meaningful consultation with an attorney or an informed parent, guardian or other adult interested in his welfare. We find that, in the absence of such a meaningful consultation (discussion) actually having taken place in private between the juvenile *590 and an attorney and/or interested adult prior to a waiver, the requirement of Dino would be meaningless unless the juvenile and his attorney and/or an interested adult were advised of their right to and given the opportunity for such a private consultation.
Accordingly, the purported waiver of the juvenile must be adjudged ineffective upon the failure by the state to establish that the juvenile and his attorney and/or an informed parent, guardian or other adult interested in his welfare were both informed of their right to and were afforded an opportunity for a private consultation with each other and an intelligent and knowing waiver of this right by both the juvenile and his attorney and/or the interested adult.
We find additional support for our position in the recent case of State v. Hudson, 404 So.2d 460 (La.1981). In that case the Court affirmed the trial court's denial of defendant's motion to suppress his confession. An important factor in the Court's decision in Hudson was its finding that the juvenile was afforded an opportunity to (and actually did) consult privately with his parents before making the statement to the police.
Because no consultation between the juvenile and an attorney and/or an interested adult actually occurred in this case, nor were the juvenile and, in this case, his mother informed of their right to such private consultation prior to the juvenile's waiver of his constitutional rights and his questioning, the confession and/or inculpatory statement made by Curtis Francois on January 5, 1981, to officers of the Walker Police Department and/or officers of the Livingston Parish Sheriff's Department should have been suppressed.
For the reasons assigned, the finding of delinquency and commitment of Curtis Francois is hereby vacated and this matter is remanded to the juvenile court for further proceedings not inconsistent with the views herein expressed.
VACATED AND REMANDED.