COVINGTON, Judge.
Ray Anthony Smith, 16 years of age, was charged as an adult pursuant to LSA-R.S. 13:1570 A(5), by a bill of information, with armed robbery in violation of LSA-R.S. 14:64. At the arraignment, represented by the Office of the Public Defender, the accused entered a plea of not guilty. A trial date was set. Prior to the date of trial, the defense filed motions to quash the information and to suppress the confession of Smith. Then, the defense filed a motion for preliminary examination. Thereafter, the two motions came before the district court for a hearing. Both the State and the defense presented evidence on the motion to suppress the confession. Only the State put on evidence on the preliminary examination. The matter was then submitted without oral argument. The lower court denied the motion to suppress, and found *112 probable cause on the preliminary examination to bind the defendant over on the armed robbery charge. The matter was again set for trial. The defense objected to the court’s rulings on the motions, and gave notice of intent to apply for supervisory writs. The writ application was denied by this Court on the ground that the defendant had an adequate remedy by appeal.
Subsequently, when the cause came on for trial, the defendant, through his counsel, withdrew his former plea of not guilty and entered a plea of guilty. Thereupon, the court ordered the accused to be sworn and conducted voir dire examination of the accused relative to his understanding of the significance of his guilty plea. He was thoroughly “Boykinized”. In response to the court’s examination, the defendant said that he was 17 years old and he waived his right against self-incrimination, his right to trial by jury, his right to confront and cross examine his accusers and the witnesses against him, and his right to appeal. The court further explained the nature of the crime with which the accused was charged and the punishment therefor. The court questioned the defendant about the circumstances of the crime and found a factual basis for the guilty plea. The defendant admitted his guilt and acknowledged that the State could prove the facts of the crime against him. Afterwards the court ruled that the guilty plea was accepted. The defense reserved his right to appeal on the motions to quash and to suppress the confession. Delays for sentencing were waived; then the district court sentenced Ray Anthony Smith to a term of five years in the custody of the Department of Corrections. Later the defendant filed a motion for appeal, which was granted.
The facts admitted to by the defendant show that on November 11, 1981, an armed robbery was perpetrated by three subjects on a Church’s Fried Chicken establishment in Baton Rouge. A few days later, the defendant was arrested as one of the suspects in the case. Smith’s mother was told of his arrest, and she came to the police station within the hour. Upon arrival, Mrs. Smith asked to speak with the accused. They were allowed to talk out of the presence of the police officers. The Miranda warnings were given and after they were advised of the rights of the juvenile, the waiver of rights form was signed. The defendant then consented to make a taped confession.
Defendant first urges the unconstitutionality of LSA-R.S. 13:1570, whereby the district court has original jurisdiction over a 16 year old offender charged with armed robbery. Defendant contends that his constitutional rights have been violated because no transfer hearing was held in juvenile court prior to the district court’s assumption of jurisdiction over his case. Defendant, who was 16 years old at the time of the crime, was charged with, and pled guilty to, the crime of armed robbery. The Louisiana Constitution exempts from juvenile procedures those persons 16 years of age or older who are charged with certain specified serious felonies. LSA-La. Const.1974, Art. 5, Section 19. LSA-R.S. 13:1570 has been held to confer automatic jurisdiction in district courts over juveniles 15 years and older charged with specified crimes. Hence, no transfer proceeding was required, because jurisdiction was in the district court. State v. Smith, 400 So.2d 587 (La.1981); State v. Toussaint, 429 So.2d 206 (La.App. 1st Cir.1983).
The trial court, in hearing a motion to suppress, has the discretion to hear and weigh testimony of the witnesses presented by both sides. His conclusions on credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned unless they are not supported by the evidence. State v. Hutto, 349 So.2d 318 (La.1977).
The defendant admitted to giving a taped statement to the officers and that it was given after he had been advised of his rights in his mother’s presence. The officers testified that defendant was read and advised of his Miranda rights at the time of his arrest, and they were also read to him from a written form, which he signed in the presence of his mother.
*113 Although defendant and his mother testified that Smith was coerced, their testimony was refuted by the testimony of the officers. An analysis of the testimony in the record convinces us that Smith was not coerced and that the confession was free and voluntary.
There is no merit in the defendant’s argument that the State did not meet its burden of showing a knowing and intelligent waiver of self-incrimination rights. We find that the State has carried its burden. Miranda requires that where a statement is taken from an accused in a situation under which warnings are required, the State must prove that the accused knowingly and intelligently waived his rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State v. Welch, 337 So.2d 1114 (La.1976).
In State in the Interest of Dino, 359 So.2d 586 (La.1978), the Court stated that the prerequisites necessary to establish a knowing and intelligent waiver by a juvenile are that the juvenile must actually consult with an attorney or adult before waiving his rights; that the attorney or adult must be interested in the welfare of the juvenile; and, if an adult other than an attorney was consulted, the adult must be fully advised of the juvenile’s rights.
In the instant case, the record shows:
First, the defendants consulted with an adult, his mother, before waiving his rights. Officer Thompson testified that he and Detective Booth left the interrogation room when defendant’s mother said that she wanted to talk to her son. Detective Booth also testified that the defendant and his mother were given an opportunity to speak alone; he testified that he and Officer Thompson stepped outside the room in order that the defendant and his mother could have a private conversation. The fact that Mrs. Smith, defendant’s mother, went to the police station promptly after being notified by the police, shows her interest in her son’s welfare. The relationship of mother and son in itself satisfies this requirement, unless there is definite evidence to the contrary. Since an adult (other than an attorney) was consulted, it is necessary that the adult must have been fully advised of the rights of the juvenile. Officer Thompson testified that these rights were read in the presence of the defendant’s mother when she arrived at the station, and again before the defendant made a taped statement; and, also that Smith signed the waiver form in his mother’s presence. Thompson’s testimony shows that the defendant’s mother also signed the waiver of rights form. Detective Booth testified that Mrs. Smith, after being fully informed of the rights of the juvenile, advised her son to sign the waiver of rights form; and Thompson also testified that the mother signed the form.
We thus find that the Dino standards were met. The defendant was a 16-year old whose rights were explained to him in the presence of his mother, who heard and obviously understood the explanation. Smith actually engaged in a private consultation with his mother, an informed adult who was interested in his welfare. His mother, after hearing the explanation of his rights, apparently told the accused to tell the truth about what he knew about the crime. Stating that he understood his Miranda rights, the defendant (and his mother) signed the waiver of rights form. His choice to speak about the crime was clearly knowing and voluntary. There is no reasonable doubt about the voluntariness, reliability or the probative value of Smith’s confession. The motion to suppress was properly denied. State v. Hudson, 404 So.2d 460 (La.1981).
This assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.