PONDER, Judge.
Plaintiff, an Angola inmate, appealed the dismissal of his writ of mandamus to require that defendants correct his parole eligibility date and bring him before the parole board.
The issues on appeal are the applicability of the writ of mandamus and the application of good time credit to plaintiffs sentence.
In 1976 plaintiff was sentenced to serve four eighteen year sentences and a five year sentence, all to run concurrently. After an appeal in 1979, one of his eighteen year sentences, for burglary of a pharmacy, was reduced to nine years, to run concurrently with the other sentences but to be served without benefit of parole, probation or suspension of sentence.
Plaintiff filed a writ of mandamus alleging that defendants, record custodians of the Department of Corrections, erred in setting his parole eligibility date as September 18,1984, by requiring that he serve the full nine year sentence prior to becoming eligible for parole and in failing to give him credit for good time on the nine year sentence. Defendants filed a peremptory exception of no cause or right of action which was denied.
The court, upon the commissioner’s recommendation, held that the Department of Corrections had the authority to establish procedures for the awarding of good time credit and that this was an exercise of discretion, not subject to mandamus even if the method selected did not give maximum benefit to some prisoners. The writ of mandamus would lie if the calculations were not uniformly or correctly made.
A writ of mandamus may be used to compel performance when there is no element of discretion left and the act is purely ministerial. La.C.C.P. art. 3863.[1] Clarco Pipeline Co. v. East Baton Rouge Parish, 383 So.2d 1296 (La.App. 1st Cir.1980), writ dismissed, 386 So.2d 355 (La.1980). Mandamus will also lie to correct an arbitrary abuse of discretion, but will not be issued in doubtful cases. Smith v. City of Alexandria, 300 So.2d 561 (La.App. 3rd Cir.1974), writ denied, 303 So.2d 186, 187 (La.1974).
La.R.S. 15:571.3, as it read at the time of plaintiffs sentencing and as it currently reads, gives the Department of Corrections the power to establish procedures for awarding and recording good time and determining when it has been earned toward diminution of a sentence. A twenty-five day per month limit on good time credit existed at the time plaintiff was convicted.[2]
*884 The testimony of Paul Seawell, a records system analyst for the Department of Corrections, stated that with concurrent terms, the policy was to make the subject serve the longest term possible. Good time could only be earned on one sentence when concurrent sentences were being served, to keep the prisoner within the twenty-five day limit on good time credit. He further testified that the Department of Corrections has set up a uniform procedure in which a parallel of concurrent sentences is done to determine which will control good time credit, which is allowed on only one sentence.
We find no evidence that the procedures used for awarding good time are not applied uniformly or that the application of credit to only one of several concurrent sentences in a manner resulting in longer incarceration is an abuse of discretion.
For these reasons, the trial court judgment is affirmed with costs assessed to the plaintiff.
AFFIRMED.

. La.C.C.P. art. 3863:
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor.

. La.R.S. 15:571.4:
*884 A. The computation of good time earned by prisoners in parish prisons shall be on the pro rata basis of two months earned good time for twelve months actually served time during each of the first and second years of incarceration, three months earned good time for twelve months actually served time during each of the third and fourth years of incarceration, and four months earned good time for each twelve months actually served time after the serving of four full years from date of incarceration.
When, after allowance of good time earned on the above basis, the sum total of time actually served plus the total of good time earned shall leave less than one year of the sentence originally imposed or of the time to which the sentence has been commuted; the date on which the prisoner may be released shall be determined in the following manner:
(1) If the expiration date of sentence without any further allowance for good time earned will occur in the second twelve months period from date of incarceration, then the prisoner may earn one-seventh off of the unexpired sentence for good time.
(2) If the expiration date of sentence without any further allowance for good time will occur in the third or fourth twelve months period from date of incarceration, then the prisoner may earn one-fifth off of the unexpired sentence for good time.
(3) If the expiration date of sentence, without any further allowance for good time earned will occur in the fifth twelve months period subsequent thereto, then the prisoner may earn one-fourth off of the unexpired sentence for good time.
B. Upon the recommendation of the warden or superintendent of the adult correctional institutions of the Department of Corrections, the secretary of the Department of Corrections may authorize the awarding of good time in the amount prescribed by law toward the diminution of sentence for an inmate in the custody of the Department of Corrections. Recommendations for good time credit shall be made on the basis of a thorough evaluation of the individual inmate's behavior, work performance, and efforts toward self-improvement. Good time for an inmate’s sentence shall be computed on the basis of twenty-five days per month for time actually served, which amount shall be applied toward diminution of sentence, if the crime for which he was sentenced was committed prior to September 10, 1977. Good time for an inmate’s sentence shall be computed on the basis of fifteen days per month for time actually served, which amount shall be applied toward diminution of sentence, if the crime for which he was sentenced was committed on or after September 10, 1977. Determination shall be made on a monthly basis as to whether good time has been earned, and good time not earned during a particular month shall not be credited at a later time. Good time which has been earned shall not be forfeited except as provided in Subsection C of this Section.
C. Any inmate convicted of escape shall forfeit all good time earned on that portion of his sentence served prior to his escape. An inmate who has been returned to the custody of the Department of Corrections because of a violation of parole granted after July 26, 1972 shall forfeit all good time earned on that portion of the sentence served prior to the parole, up to a maximum of one hundred eighty days. In all other cases forfeiture of good time shall not exceed the maximum number of days allowable for any one month of time served as provided in Subsection B of this Section.