508 So.2d 953 (1987)
STATE of Louisiana
v.
Thurman JOHNSON.
No. C-7865.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
*954 Harry F. Connick, Dist. Atty., Cary J. Deaton, Wendy F. Baldwin, Asst. Dist. Attys., New Orleans, for relator.
David R. Katner, Supervising Atty., George Brady, Robert Killeen, Student Practioners, Tulane University School of Law, New Orleans, for respondent.
Before CIACCIO, WARD and WILLIAMS, JJ.
CIACCIO, Judge.
The State of Louisiana applies for supervisory writs from a judgment of the trial court which suppressed the defendant's confession. We grant writs, reverse the judgment of the trial court and remand the case for further proceedings consistent with this ruling.
On February 5, 1987, Thurman Johnson was charged with the Second Degree Murder of one Edward King which occurred on January 30, 1987.
New Orleans Police Officer Byron Adams of the Homicide Division of the New Orleans Police Department investigated this homicide which occurred in the breezeway of the 2500 block of Martin Luther King Boulevard in New Orleans. The tips supplied from anonymous callers lead Officer Adams and his fellow policeman, Officer Blair, to Thurman Johnson and Issac Doyle as the perpetrators of the murder. The policemen went to Johnson's house and spoke to the people present. The officers expressed their desire to speak to Thurman Johnson, however, Johnson was not home at the time. This visit had been preceeded by a visit to Issac Doyle's house. Doyle was not home. However, at 9 p.m. that night he and his mother appeared at police headquarters. They surrendered to police a gun used in the perpetration of the crime. Doyle and his mother were interviewed. Doyle was thereafter arrested, booked and incarcerated.
At 11 p.m. the same evening Thurman Johnson and his mother appeared at the homicide office. Officer Byron Adams read Johnson the charges against him. Johnson and his mother were advised of the subject's rights, including but not limited to the right to remain silent and the right to an attorney. When asked if these rights were understood, both Johnson and his mother replied affirmatively. These parties were afforded an opportunity to ask questions and they did ask questions. The suspect and his mother were presented with a written Rights of an Arrestee form which each of them read and signed. The reading and explanation of these rights consumed about 5 minutes. Another 5 to *955 10 minutes elapsed between the time these rights were read and the beginning of a taped question and answer session at which Officer Adams again advised the suspect and his mother of the suspect's rights. The taped session was concluded at 11:35 p.m. During this taped conversation the investigating officer questioned the suspect and his mother individually concerning their understandings of the suspect's rights. After acknowledging that they each understood those rights, a waiver was given of those rights. Johnson thereafter confessed to being involved in the killing of Edward King.
In its application before this Court, the State contends that the trial court erred in suppressing the confession by Johnson in that the confession was freely and voluntarily given under the guidelines set forth in State v. Dino, 359 So.2d 586 (La., 1978). We agree.
In Dino, supra, the Louisiana Supreme Court found that the constitutional privilege against self incrimination and the rights to counsel and to confront and cross-examine witnesses are applicable in the case of juveniles, just as they are applicable to adults accused of a crime.
The Court in Dino, supra at 594 held as follows:
For these reasons we hold that in order for the State to meet its heavy burden of demonstrating that a waiver is made knowingly and intelligently, it must affirmatively show that the juvenile engaged in a meaningful consultation with an attorney or an informed parent, guardian, or other adult interested in his welfare before he waived his right to counsel and privilege against self-incrimination.
That court also stated that in meeting its burden of proof the State must show (1) consultation with an attorney or adult before the waiver, (2) the attorney or adult must be shown to be interested in the welfare of the juvenile and (3) the adult has been fully advised of the rights of the juvenile. State v. Dino, supra.
In this case the State presented Officer Adams at the hearing on the Motion to Suppress the Confession. He recited the sequence of events preceeding the confession. The State also introduced into evidence a copy of the taped confession and the signed Rights of Arrestee form executed by the subject and his mother. The facts as testified to by Officer Adams were not refuted by the defense. Neither Johnson nor his mother were called to testify.
According to Adams, during the entire time Johnson was in the custodial environment, his mother was present. Both parties were twice advised of the rights of the suspect. Both parties were allowed to and did ask questions concerning the rights of the suspect, Thurman Johnson. The suspect and his mother were given a written recitation of the suspect's rights. This recitation was read and signed by both parties. Prior to the taped question and answer session in which Thurman Johnson and his mother agreed to waive Johnson's rights, the pair was given a period of approximately ten minutes in which they could have engaged in a meaningful consultation (i.e., as Mrs. Johnson was fully apprised of her son's rights and was an adult interested in his welfare). The record does not indicate whether they chose to avail themselves of this opportunity prior to the waiver of young Johnson's rights.
We find, under the circumstances that the guidelines set forth in Dino were complied with by the arresting authorities. We also find that the State met its burden of proof under Dino.
We disagree with and refuse to follow the decision by the First Circuit in State v. Francois, 411 So.2d 588 (La.App., 1st Cir.1982). In interpreting Dino, supra, the court in Francois, found that the juvenile and his attorney and/or informed adult had to be afforded an opportunity for a "private" consultation. Dino, supra, in our opinion, does not go that far. We interpret Dino as requiring an opportunity for a "meaningful" consultation, be that consultation public or private.
For these reasons we find that the confession of Thurman Johnson was freely and voluntarily given and the trial court *956 erred in suppressing the confession of this juvenile.
Accordingly, this writ is granted, the judgment of the trial court on the motion to suppress the confession is reversed and the case is remanded for further proceedings consistent herewith.
WRIT GRANTED; JUDGMENT ON THE MOTION TO SUPPRESS THE CONFESSION IS REVERSED; CASE REMANDED.