569 So.2d 1025 (1990)
STATE of Louisiana
v.
Derrick T. CARTER.
No. Cr 90-128.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
*1026 Camille Giordano, Alexandria, for defendant-appellant.
Michael Shannon, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
Defendant, Derrick T. Carter, was charged with two counts of armed robbery. After unsuccessfully challenging the admissibility of a confession, the defendant pled guilty to one count of first degree robbery, a violation of La.R.S. 14:64.1, and the state agreed to drop all other charges. Defendant was sentenced to six years at hard labor, three of which must be served without benefit of probation, parole or suspension of sentence.
Defendant reserved his right to appeal the trial court's denial of his motion to suppress a confession pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and does so herein. Defendant also challenges the sentence he received.

FACTS
Two Circle K convenience stores in Alexandria were robbed in November 1988, one on November 3rd and one on November 15th. In the ensuing investigation, the defendant was implicated by a teenage suspect. The defendant, sixteen years old at the time of the robberies, was brought to the police station for questioning during the early morning hours of November 16, 1988.
The investigating officer telephoned the defendant's sister, Debra Corley, notified her that the defendant was in custody, and requested that she drive to the police station. After waiting separately for several hours, Corley and the defendant were brought together to a detective's office. Prior to questioning, both Corley and the defendant were informed of his rights, and both stated they understood those rights. The defendant chose to remain silent and refused to answer any questions. Later that day, he was taken from the police station and incarcerated at the Renaissance Home, a juvenile detention facility.
On December 9, 1988, investigators drove to the Renaissance Home and attempted to elicit a statement from the defendant. He again refused to answer any questions. A third attempt was made later that day after Debra Corley was brought to the Home. The defendant was questioned in her presence, but he once again chose to exercise his right to remain silent. Finally, on December 16, 1988, the defendant was again interrogated in the presence of his sister. At that time, he admitted participating in the robberies.
The defendant was then charged with two counts of armed robbery. The district court retained jurisdiction over the defendant, presumably pursuant to La.R.S. 13:1570 A(5),[1] and an attorney was appointed to represent him on January 19, 1989, one day before his arraignment. Prior to trial, defendant filed a motion to suppress the December 16th statement, alleging it was unconstitutionally obtained. The trial judge denied the motion. The defendant then entered a plea of guilty to one count of first degree robbery and was sentenced accordingly.

*1027 MOTION TO SUPPRESS
Defendant contends the trial court erred in denying his motion to suppress the December 16th statement. He alleges that the State failed to satisfy the requirements of State v. Dino, 359 So.2d 586 (La.1978), in which the court outlined the procedural requirements for obtaining a statement from a juvenile. In Dino, the court stated:
[I]n order for the State to meet its heavy burden of demonstrating that a waiver is made knowingly and intelligently, it must affirmatively show that the juvenile engaged in a meaningful consultation with an attorney or an informed parent, guardian, or other adult interested in his welfare before he waived his right to counsel and privilege against self-incrimination.
Accordingly, the purported waiver by a juvenile must be adjudged ineffective upon the failure by the State to establish any of three prerequisites to waiver, viz., that the juvenile actually consulted with an attorney or an adult before waiver, that the attorney or adult consulted was interested in the welfare of the juvenile, or that, if an adult other than an attorney was consulted, the adult was fully advised of the rights of the juvenile. (Footnote omitted.)
359 So.2d at 594.
The defendant admits that Debra Corley was an interested adult and was qualified to stand in for legal counsel. He contends, however, that the State failed to establish a "meaningful consultation" took place between the defendant and Corley prior to the taking of the December 16th statement.
Debra Corley's testimony reveals that she did not discuss with the defendant whether he should make a statement to the police or answer any of their questions. She and her brother were not offered an opportunity to speak alone, but neither were they denied such an opportunity. There was one occasion prior to December 16th that Corley visited the defendant at the Renaissance Home when she was not accompanied by law enforcement officers. At that time, she asked the defendant whether he had an attorney. She testified that they did not discuss his rights any further than that one question.
In State in Interest of Francois, 411 So.2d 588 (La.App. 1st Cir.1982), the First Circuit held that a "meaningful consultation" requires a private discussion between the suspect and the interested adult or guardian. In that case, the defendant and his mother discussed the juvenile's rights, but never had the opportunity to speak outside the officers' hearing. The juvenile's confession was therefore suppressed.
The Fourth Circuit has rejected Francois, holding that the "meaningful consultation" may take place either outside or in the presence of the investigating officers. State v. Johnson, 508 So.2d 953 (La.App. 4th Cir.1987). The Johnson court suggested that Dino would not exclude confessions where there was no actual consultation between the defendant and the interested adult, but merely the unexercised opportunity for such consultation.
We believe the better rule is that suggested by the Johnson court. In Dino, the Supreme Court established the requirement of a "meaningful consultation." However, the court did not specify what the parties to the consultation had to discuss, nor even if they had to consult in private, in order to fit the definition of "meaningful." Such rules would not only be unenforceable but perhaps also purposeless depending upon the quality of the relationship between the juvenile and the interested adult.
In State, In the Interest of J.P., 550 So.2d 942 (La.App. 5th Cir.1989), the court decided the requirements of Dino were met after the juvenile defendant consulted with his grandparents, who were fully informed of his rights. The grandparents urged the juvenile to tell the truth, whereupon the juvenile gave an inculpatory statement. The nature of the grandparents' advice was not considered.
In State v. Smith, 431 So.2d 111 (La. App. 1st Cir.1983), writ denied, 434 So.2d 1092 (La.1983), the court determined that a juvenile's confession was made knowingly and voluntarily because the juvenile and his mother consulted before the statement was given. The confession was deemed *1028 admissible even though no evidence concerning the nature or subject matter of the consultation was presented.[2]
It is clear that Dino established a more stringent standard for admissibility of a juvenile's confession than the more common totality of the circumstances test discussed in State v. Hudson, 404 So.2d 460 (La.1981); however, we note that the requirements of Dino necessitate a careful review of the facts of each case.
In the case before us, the defense admits that Debra Corley was an interested adult within the meaning of Dino. She was present during the interrogation of the defendant when he gave an inculpatory statement. Both she and the defendant were informed of and understood the defendant's rights. In fact, the defendant exercised his rights when he refused to answer questions on three separate occasions. The defendant and Debra Corley specifically and in private discussed his right to an attorney. The fact that they did not discuss his rights more thoroughly is of no consequence. Corley testified at the suppression hearing that she "wouldn't know what to tell him." We will not thwart a police investigation or silence a juvenile defendant merely because his sister has no further advice to offer him. The facts reveal that the defendant and his sister consulted as meaningfully as the nature of their relationship allowed. The law can require no more. The defendant's motion to suppress was properly denied.

COMPLIANCE WITH SENTENCING GUIDELINES
The defendant contends that the trial court failed to comply with the sentencing guidelines provided in La.C.Cr.P. art 894.1. Art. 894.1 provides criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence is warranted. Paragraph (C) of article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
Although no presentence investigation report was prepared in the instant case, the trial judge was generally able to recap the defendant's previous infractions with the law. He commented on the defendant's record, even though no such documentation was introduced into evidence. Additionally, the trial judge stated that incarceration would benefit the defendant. He believed that a prison term would be an opportunity for the defendant to learn a skill useful to his integration into society after his release. Art. 894.1 requires consideration of a defendant's record and his chances for rehabilitation.
The trial judge attempted to fairly evaluate the seriousness of the crime, as well as the competing needs of the defendant and society, and we are satisfied that the goal of the guidelines was in fact accomplished. Consequently, we will not upset and remand the sentence for a mere recitation of considerations already implicit in the trial court's judgment.

EXCESSIVE SENTENCE
The defendant contends the trial court erred in imposing an unconstitutionally excessive sentence.[3]
*1029 The sentencing range for first degree robbery begins at three years and extends to a maximum of forty years. The defendant received a six year prison term which is on the lower end of that scale. Given the circumstances of the crime, we do not believe the sentence imposed is excessive.
The trial judge directed that only the first three years of the defendant's sentence must be served without benefit of parole, probation, or suspension of sentence. The sentencing provision of La.R.S. 14:64.1 directs that the entire sentence for first degree robbery must be served without the possibility of reduced time. Consequently, the defendant's sentence is in fact an illegally lenient punishment for the charge to which he pled guilty. An appellate court, however, according to our Supreme Court mandate, does not, nor cannot, correct an illegally lenient sentence on its own motion. State v. Fraser, 484 So.2d 122 (La.1986). Because the prosecutor has not sought review of this sentence, it cannot be altered in the State's favor.
For the foregoing reasons, and finding no patent error, we affirm the conviction and sentence of Derrick T. Carter.
AFFIRMED.
NOTES
[1] La.R.S. 13:1570 A(5) excepts from exclusive juvenile court jurisdiction any child, sixteen years or older, who is charged with armed robbery.
[2] The defendant cites a Third Circuit case, State v. Belton, 525 So.2d 77 (La.App. 3d Cir.1988), in furtherance of his position that the juvenile's confession herein should be suppressed. Basically, Belton concluded that the probation officer in that case did not qualify as an "other adult interested in the juvenile's welfare," as required by Dino. We do not find Belton apposite herein, particularly because the defendant in the case sub judice has agreed that his sister, Debra Corley, was an adult interested in his welfare.
[3] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.