FORET, Judge.
Defendant, Lawrence Mitchell, Jr.,- was charged with three counts of armed robbery, in violation of La.R.S. 14:64, and one count of attempted armed robbery, a violation of La.R.S. 14:27 and 14:64. He entered into a plea bargain agreement whereby he agreed to plead guilty and the State agreed to drop pending simple burglary and felony theft charges. Additionally, the State agreed to refrain from filing a multiple offender bill against him and promised to request that his sentences run concurrently.
On September 10, 1990, with his court-appointed attorney present, defendant changed his original not guilty plea to guilty after thorough Boykinization by the trial judge and assistant district attorney. Included in the colloquy was the fact that armed robbery carried a maximum possible sentence of 99 years and attempted armed robbery, 49V2 years. Defendant was also informed that the plea bargain had nothing to do with another pending charge. A presentence investigation was ordered, and defendant was to be sentenced on October 8, 1990.
At the sentencing, as the trial judge was pronouncing sentence, defendant interrupted, and suddenly asked to withdraw his plea. The court asked for what reason and defendant responded:
“Because I don’t feel no, uh, I just want to withdraw my plea.”
* * * * * *
“Well, I have a pretty good reason....”
The trial judge then proceeded to sentence defendant to 75 years at hard labor for the three (3) counts of armed robbery and 40 years at hard labor for the one (1) count of attempted armed robbery. These sentences were ordered to be served concurrently.
On appeal, defendant contends that the trial court erred in imposing an excessive sentence and in failing to allow him to withdraw his guilty plea.
ORAL MOTION TO WITHDRAW GUILTY PLEA
By this assignment of error, defendant complains that the trial judge erred in denying his request to withdraw his guilty plea. Specifically, defendant claims the trial judge acted arbitrarily and should have conducted a hearing on defendant’s request.
La.C.Cr.P. art. 559 provides in Paragraph A:
“The court may permit a plea of guilty to be withdrawn at any time before sentence.”
The trial judge is granted broad discretion by Article 559 in determining whether to allow a defendant to withdraw a prior guilty plea. State v. Deakle, 372 So.2d 1221 (La.1979).
In this case, defendant was thoroughly Boykinized to determine that his pleas of guilty were knowing and voluntary. The trial judge specifically asked defendant if he understood the maximum possible sentences of 99 and 49V2 years.
At sentencing, defendant, without filing any written notice or articulating any *703 reason, requested to withdraw his plea. The trial judge, in effect, denied his oral motion and continued sentencing Mitchell.
A review of the record establishes no abuse of the trial judge’s discretion. Defendant knew what he was doing when he entered the plea bargain. The case of State v. Griffin, 535 So.2d 1143 (La.App. 2 Cir.1988), cited by defendant, is inapplicable to the present case. Defendant was experienced in the criminal justice system. He had entered into a similar plea bargain in 1975 in which charges of aggravated rape, simple burglary, simple kidnapping, and simple robbery were dismissed in return for his plea of guilty to armed robbery. Therefore, we find that there was no abuse of the trial judge’s discretion.
Thus, this assignment of error lacks merit.
EXCESSIVE SENTENCE
By this assignment of error, defendant contends that the sentences of 75 years and 40 years, concurrent, are excessive.
The court may consider the benefit defendant received from a plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982). The court may also consider other criminal activity by the defendant which did not lead to conviction. State v. Lemelle, 502 So.2d 130 (La.App. 3 Cir.1987).
As a result of the plea bargain, defendant’s sentences for three counts of armed robbery and one count of attempted armed robbery were to run concurrent. Defendant’s maximum possible sentence was reduced from 346½ years to 99 years. He ultimately received a sentence of 75 years.
The benefits from the plea bargain also included dismissal of pending simple burglary and felony theft charges, which had been committed against defendant’s mother. Finally, the State agreed not to file a multiple offender bill against defendant, even though he was a second felony offender.
The reasons for sentencing given at defendant’s sentencing hearing are minimal, although the trial judge did state that he considered the guidelines of Art. 894.1. It is well settled that as long as the record contains an adequate factual basis for the sentence imposed, the trial court’s failure to articulate every criteria of La.C.Cr.P. art. 894.1 will not nullify the sentence. State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983).
At the sentencing of defendant, the trial judge noted defendant’s prior felony conviction and criminal record in addition to the facts revealed by the court-ordered pre-sentence investigation. The court also noted how Mitchell’s crimes endangered the lives of his victims.
Considering defendant’s history of criminal activity and convictions, including violent crimes such as aggravated rape and prior armed robberies, and the fact that Mitchell greatly benefited from the plea bargain, we find that a total sentence of 75 years in actual time to be served is not excessive.
Therefore, this assignment of error lacks merit.
ERROR PATENT
A review of the record reveals one error patent, i.e., Mitchell received illegally lenient sentences. Under the mandate of La.R.S. 14:64 B, a defendant convicted of armed robbery shall be sentenced “without benefit of probation, parole or suspension of sentence.” In the present case, the trial judge failed to specify that defendant’s sentences be served “without benefit of probation, parole or suspension of sentence.” Therefore, defendant’s sentences are illegally lenient.
La.C.Cr.P. art. 882 grants the courts of appeal the power to correct illegal sentences. However, the Louisiana Supreme Court ruled in State v. Fraser, 484 So.2d 122 (La.1986), that if the State does not complain about an illegally lenient sentence, then the appellate court may not amend or set aside the sentence, as error patent. Such action would be detrimental to the appellant, and his position should not be worsened by his having appealed. See *704 Fraser at 124-125. This Court has followed this mandate of not correcting illegally lenient sentences sua sponte. See State v. Carter, 569 So.2d 1025, 1029 (La.App. 3 Cir.1990), writ denied, 575 So.2d 389 (La.1991). Therefore, although there is an error patent, this Court will not correct it to Mitchell’s detriment.
Based upon the foregoing, the judgment and sentences of Lawrence Mitchell, Jr. are hereby affirmed.
AFFIRMED.