liBARRY, Judge.
The trial court suppressed the confession of a juvenile because the juvenile did not privately consult with his mother prior to the confession. The State argues that the requirement for a “meaningful” consultation does not require a private consultation. We grant certiorari, reverse and remand.

Facts

Officer Christy Williams testified that on May 14, 1996 two men approached her outside of the Eighth District Police Station and informed her they had just seen three juvenile males carrying . a purse. Officer Williams said she and the two witnesses got into her police car and drove down the street, where the witnesses identified three suspects. After a chase, the defendant (a juve *181 nile) was arrested and charged with illegal carrying of a weapon (La.R.S. 14:95) and resisting an officer (La.R.S. 14:108). While in custody, the juvenile was interrogated at the police station in the presence of his mother. Officer Williams testified that he was advised of his rights and signed the waiver of rights form in the presence of his mother, who also signed the form. The juvenile gave an inculpatory statement. At the probable cause hearing the trial court excluded testimony concerning the juvenile’s confession because the defendant did not have the opportunity for “meaningful consultation” with his mother before waiving his rights (apparently because the defendant did not privately confer with his mother).

Analysis

The constitutional privilege against self-incrimination and the right to counsel and confront and cross-examine witnesses apply to a ease involving a juvenile. State in the Interest of Dino, 359 So.2d 586, 589 (La.1978). Fundamental fairness requires that a juvenile not be permitted to waive those rights on his own. Id. at 594.
(I)n order for the State to meet its heavy burden of demonstrating that a waiver is made knowingly and intelligently, it must affirmatively show that the juvenile ^engaged in a meaningful consultation with an attorney or an informed parent, guardian, or other adult interested in his welfare before he waived his right to counsel and privilege against self-incrimination. [Emphasis added.]

Id.

In State v. Johnson, 508 So.2d 953, 955 (La.App. 4th Cir.1987) this Court has held that “meaningful consultation” does not require a private consultation outside the presence of a police officer. In Johnson the defendant’s mother was present while the defendant was in a custodial environment. They were twice advised of the defendant’s rights, asked questions, and signed a written waiver of rights. The defendant and his mother were given about ten minutes for meaningful consultation, though it was unclear whether or not they availed themselves of that opportunity. The Court held that the defendant’s confession was free and voluntary, rejecting State in Interest of Francois, 411 So.2d 588 (La.App. 1st Cir.1982), which held that the juvenile and his attorney and/or informed adult must be given an opportunity for a private consultation:
Dino, supra, in our opinion, does not go that far. We interpret Dino as requiring an opportunity for a “meaningful” consultation, be that consultation public or private.
State v. Johnson, 508 So.2d at 955. See also State v. Gachot, 609 So.2d 269, 274 (La.App. 3d Cir.1992), writ den. 617 So.2d 1180 (La.1993), cert. den. 510 U.S. 980, 114 S.Ct. 478, 126 L.Ed.2d 429 (La.1993).
Officer Williams testified that the defendant and his mother were given the opportunity to consult with one another:
Q. Did the — before any statements were made, did the defendant have a chance to speak with his mother, who was presemt [sic]?
IsA- The defendant and his mother were allowed to speak all through the entire process. I did not leave the room because he was in custody, but they were free to speak and they did speak quite a bit.
The absence of a private consultation is not fatal to the defendant’s confession, which was free and voluntary. The trial court erred by suppressing the statement. State v. Johnson, supra. We reverse and remand.

REVERSED AND REMANDED.