JaGONZALES, Judge.
This is an appeal by the Department of Public Safety and Corrections, (the Department) from a trial court judgment ordering the Department to recompute a prisoner’s parole eligibility date.
FACTS AND PROCEDURAL HISTORY
On May 11, 1987, Alandis Coleman was sentenced to imprisonment after pleading guilty to two counts of armed robbery. He was sentenced to serve 15 years on each count, with the sentences to be served concurrently. The sentences were imposed without benefit of parole, probation, or suspension of sentence.[2] According to the trial court’s sentencing form, the armed robbery sentences were also to be served concurrently with a 35-year sentence imposed on Coleman for a forcible rape conviction.[3]
Upon Coleman’s commitment to the Department, a records analyst calculated his parole eligibility and release dates. According to the Department’s purported policy, Coleman’s imprisonment was calculated to require him to serve the longest time possible under the sentences imposed by the trial court. The Department projected “good time” credit to Coleman’s 35-year sentence. This made him eligible for a “good time” release after serving Yfk years of this sentence. The Department set Coleman’s parole eligibility date as February 11, 2002, which, with credit for time served prior to his sentencing, amounts to 15 years of actual imprisonment. Had Coleman been serving only the 35-year sentence, he would have become eligible for parole after serving the first 2 years (which were imposed without the benefit of parole), and $ of the remainder of the sentence, or 11 years, for a total of 13 years.[4] However, because he was also serving the |8two 15-year concurrent sentences, the Department set his parole eligibility at the end of the full 15-year term. No good time was credited to these sentences.
On November 27, 1994, Coleman filed an administrative remedy procedure (ARP) form, contesting his parole eligibility date, with the warden of the Louisiana State Penitentiary where he was imprisoned. According to Coleman, with the application of good time credit, he completed his sentence on the concurrent 15-year sentences after serving 7% years, and therefore, there is no impediment barring his eligibility for parole on the 35-year sentence once he has served 1/3 of that sentence, or 11 years and 8 months.[5] *722 Thus, Coleman contended that his projected parole date of February 11, 2002, was incorrect, since this date required that he remain incarcerated for 15 years, rather than only 11 years and 8 months. Coleman requested that his parole eligibility date be corrected.
Coleman’s request was denied at three different levels within the Department. At each level, he was informed that' his file had been reviewed, and that he was not eligible for parole until he had completed the full term of his 15-year concurrent sentences, because the sentences had been imposed without the benefit of parole.
On March 9,1995, Coleman filed a petition for judicial review of the Department’s decision.[6] On August 8, 1995, the defendants answered Coleman’s petition. On July 26, 1996, Commissioner Allen J. Bergeron, Jr. of the Nineteenth Judicial District Court issued a recommendation that the Department’s decision be reversed and remanded for recom-putation of Coleman’s parole eligibility date. On August 6, 1996, the trial court signed a judgment in favor of Coleman, remanding the ease for recomputation of Coleman’s pa-rolé eligibility date.[7]
UThe defendants appeal from this adverse judgment asserting, in a single assignment of error, that the trial court erred in ordering the Department to recompute Coleman’s parole eligibility date so that it occurs prior to the expiration of the full 15-year sentences.
DISCUSSION
Pursuant to La. R.S. 15:571.3(B), every inmate in the custody of the Department who has been convicted of a felony and sentenced to imprisonment may earn a diminution of sentence by good behavior and performance of work or self improvement activities, or both, to be known as “good time.” The Department has the power to establish procedures for the award and recordation of good time and shall determine when good time has been earned toward diminution of sentence. La. R.S. 15:571.3(B).
It is undisputed, in this case, that the amount of diminution of sentence Coleman is accruing is at a rate of 30 days credit for every 30 days in actual custody.[8] However, when a prisoner is serving concurrent sentences, Department policy allows the accrual of good time credit (here, 30 days credit for every 30 days served) on only one of the sentences. See State ex rel Ford v. Seawell, 446 So.2d 882, 884 (La.App. 1st Cir.1984). We interpret this to mean that the credit cannot be applied among several sentences, and in no event, may the credit exceed 30 days credit for 30 days served. In this ease, the Department chose to apply good time credit to Coleman’s 35-year sentence; thus, he has not earned any good time credit on the concurrent 15-year sentences.
Because the concurrent 15-year sentences were imposed without the benefit of parole, probation, or suspension of sentence, and because Coleman is not earning good time credit on these sentences, he is required to serve the full term of these sentences. Therefore, even though Coleman may become eligible for parole on the 35-year sentence after having served 13 years, he is still required to serve the full term of the concurrent 15-year sentences.
IsBased on the Department’s established policy to allow the accrual of good time credit on only one of multiple concurrent sentences, and given its choice to apply good time credit to Coleman’s 35-year sentence, we find that the commissioner erred in determining that Coleman was entitled to earn good time on the concurrent 15-year sentences. The commissioner’s determination would have the ef- *723 feet of giving Coleman 90 days good time credit for every 30 days served. We have found no authority, nor has Coleman cited any, which would allow this. Coleman is required to serve the full term of the concurrent 15-year sentences and cannot be considered for parole eligibility at any time before then. See La. R.S. 14:64 and 15: 574.4(B).
DECREE
For the foregoing-reasons, we find that the Department correctly set Coleman’s parole eligibility date as February 11, 2002. The trial court judgment, remanding Administrative Remedy Procedure Number LSP-94-4356 to the defendants for reeomputation of Coleman’s parole eligibility date, is REVERSED. Costs of this appeal are assessed to Alandis Coleman.

. According to La. R.S. 14:64 and 15:574.4(B), no person shall be eligible for parole consideration who has been convicted of armed robbery.

. Although the record contains no judgment of conviction or sentencing concerning Coleman's forcible rape conviction, Coleman admits in his petition that he was in fact convicted of forcible rape and sentenced to 35 years imprisonment at hard labor with the first 2 years being without benefit of parole, probation, or suspension of sentence. It is unclear whether Coleman was convicted of 1 or 2 counts of forcible rape.

. According to La. R.S. 15:574.4(A)(1), a person, otherwise eligible for parole, convicted of a first felony offense and committed to the Department shall be eligible for parole consideration upon serving ¡6 of the sentence imposed.

. In asserting that he is parole eligible after 11 ■ years and 8 months, Coleman fails to take into account that 2 years of the 35-year sentence were imposed without benefit of parole. Therefore, the earliest he could be considered for parole eligibility on the 35-year sentence is 13 years (2 years plus 1/3 of the remaining 33 years, or 11 years).

. In his petition, Coleman named Mary Coclc-erham, Inmate Records; Richard L. Stalder, Secretary of the Department; and Burl Cain, Warden of Louisiana State Penitentiary, as defendants.

. The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. Generally, a commissioner submits written findings and recommendations to a district judge, which may be accepted, rejected, or modified. La. R.S. 13:713.

.Because the issue is undisputed, this court makes no determination that the law in effect at the time of Coleman's sentencing required 30 days of good time credit for every 30 days in actual custody.