Dear Mr. Haney:
You have requested an opinion of this office regarding whether persons convicted of armed robbery under LSA-R.S. 14:64 are entitled to parole pursuant to LSA-R.S. 15:574.4(A)(3), despite the specific language of LSA-R.S. 14:64(B) and 15:574.4(B).
LSA-R.S. 14:64(B) states that whoever commits the crime of armed robbery shall be sentenced without the benefit of probation, parole or suspension of sentence. However, LSA-R.S. 15: 574.4(A)(3) provides that those committed to the Department of Public Safety and Corrections for a term of thirty years or more with or without the benefit of parole may become eligible for parole consideration after serving at least twenty years in actual custody and reaching the age of forty-five. The statute further states that paragraph (A) (3) applies "notwithstanding the provisions of Paragraph (A) (1) or any law to the contrary." The pertinent part of paragraph (A) (1) which is applicable to this issue states "except as provided for in subsection B of this section." LSA-R.S. 15:574.4(B) states that no person convicted of armed robbery shall be eligible for parole consideration pursuant to this statute. This exclusion from parole eligibility of those convicted of armed robbery is also consistent with the statutory language in LSA-R.S. 14:64(B).
A person convicted of armed robbery is not eligible for parole pursuant to LSA-R.S. 15:574(A) (3), or what is commonly referred to as "old man's parole". This *Page 2 
becomes clear following an examination of the Legislative intent in enacting LSA-R.S. 15:574.4, the laws governing statutory interpretation, and the jurisprudence related to this issue — particularly dealing with other portions of paragraph (B) of the statute.
The legislative intent behind LSA-R.S. 14:64(B) was to deter the possibility of serious harm resulting from the intense atmosphere created by a robbery in progress.[1] This law provides that those who commit armed robbery shall be imprisoned without parole and reflects the legislative intent by the imposition of an extremely harsh penalty to deter this type of crime. To apply LSA-R.S. 15:574.4(A)(3), and ignore LSA-R.S. 15:574.4(B) and LSA-R.S. 14:64(B) would be a gross misapplication of the laws of statutory construction as well as a clear deviation from the legislative scheme in enacting these laws.
In enacting LSA-R.S. 15:574.4 the legislature intended to provide requirements and criteria inmates must meet to be eligible for "old man's parole".[2] However, the legislature did not intend to extend this eligibility to all inmates as is clear in LSA. R.S. 15:574.4(A) (1) and LSA-R.S. 15:574.4(B). These portions of the statute state that those who are third felony offenders, or those serving life sentences not in fixed terms or convicted of armed robbery do not meet the criteria for eligibility.
Laws applicable to statutory construction and interpretation support the assertion that a person convicted of armed robbery is not eligible for parole pursuant to LSA-R.S. 15:574.4(A)(3). Both LSA-R.S. 15:574.4(B) and LSA-R.S. 14:64(B) state that a person convicted of armed robbery "shall" be sentenced without the benefit of parole. La.C.Cr.P. Art. 5, states that the word "shall" is interpreted as mandatory language. The allowance of parole eligibility to those convicted of this crime would therefore be inconsistent with being violation of the rules of strict construction that apply to criminal statutes such as LSA-R.S. 14:64. Furthermore, when there are competing statutes applying to a certain situation and one is specific and the other is general in nature, the specific statute trumps the general one. The language of LSA-R.S. 15:574(A) (3) is general in nature as opposed to the specific language of both LSA-R.S. 14:64 and LSA-R.S. 15:574.4(B). Thus LSA-R.S. 15:574.4(B) would apply to persons convicted of armed robbery under LSA-R.S. 14:64, and would bar the general eligibility for parole pursuant to LSA-R.S.15:574.4(A)(3). *Page 3 
Pursuant to LSA-R.S. 14:3, criminal statutes such as LSA-R.S. 14:64
should be applied according to their genuine construction. Clearly, those convicted of armed robbery shall be imprisoned without parole, and the application of LSA-R.S. 15:574.4(A) (3) would lead to contradictory results. When the statute is read as a whole or in pan material, it is clear that LSA-R.S. 15:574.4(A)(3) was not intended to be applied in situations where LSA-R.S. 15:574.4(B) applies. The statute was meant to show the requirements for parole eligibility in general, with each sub-part more clearly defining the criteria. This is supported by the subsections referencing one another and by the interpretation of the Louisiana Supreme Court.
In Bosley v. Whitley, supra, the Louisiana Supreme Court examined Louisiana's system of parole, and the statutory interpretation of LSA-R.S. 15:574.4(A)(1), (A)(3), and (B). The court recognized that the Board of Parole, within the Department of Public Safety and Corrections, is vested with the authority to determine the time and conditions for release on parole, and that the Board of Parole is authorized to adopt rules it deems necessary and proper on the eligibility of prisoners for parole. However, the Louisiana Supreme Court found that "parole eligibility (which is determined by the sentence) and eligibility of parole consideration (which is dependent on meeting certain criteria and conditions specified by statute)" are regulated by the State Legislature. The Louisiana Supreme Court's interpretation of the statute took into consideration all subsections in light of each other. All parts when read as a whole more clearly define the criteria required for consideration of parole eligibility.[3] The court found that LSA-R.S.15:574(B) was a "further legislative regulation of eligibility for parole consideration". This also strengthens the interpretation that LSA-R.S.15:574.4(A) must be read and applied in light of LSA-R.S. 15:574.4(B).
In Damone v. Whitley, 96-0635, 694 So.2d 1205, (La.App. 1 Cir.5/9/1997), the First Circuit Court of Appeals spoke directly to the issue arising from the latter part of LSA-R.S. 15:574.4(B), which states that a person convicted and imprisoned to a life sentence is not eligible for parole. The significance of this case is that is deals with the applicability of LSA-R.S. 15:574.4(B) in relation to the other parts of LSA-R.S. 15:574.4. The court held that parole consideration would be withheld from such an inmate due to the requirements of LSA-R.S.15:574.4(B) as an "operation of law" despite the fact that the applicable penalty provision did not include the language "without benefit of parole".[4] In light of this holding, there is no doubt that the First Circuit Court of Appeals would agree that one is not eligible for parole consideration pursuant to LSA-R.S. 15:574.4 (A)(3) *Page 4 
when falling into one of the categories contained in LSA-R.S. 15:574.4(B). See also Coleman v. Cockerham, 9602065, 702 So.2d 720, (La.App. 1 Cir.9/19/1997), where the court found that a person convicted of multiple offenses would not be eligible for parole until he had served the entire sentence for a count of armed robbery in accordance with LSA-R.S.15:574.4(B) and LSA-R.S. 14:64(B). In that case, the court found that the defendant was not even eligible for good time credit. Likely, if not eligible for good time, then certainly there would be no eligibility for "old man's parole".[5]
Jurisprudence also establishes that sentences for armed robbery are illegally lenient if the trial court does not impose the sentence without the benefit of parole, probation or suspension of sentence as mandated by LSA-R.S. 14:64(B).[6] This fact coupled with the interpretation to be given to statutes, leads to the only logical conclusion that a person convicted of armed robbery is not eligible for parole consideration pursuant to LSA-R.S. 15:574.4. Finally Act. 624 (HB 110), which goes into effect August 15, 2008, excludes persons convicted of armed robbery from being eligible for parole.
We trust that this adequately responds to your request. However, if our office can be of any further assistance, please do not hesitate to contact us.
 Very Truly Yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 THOMAS A. McCORMICK
 ASSISTANT ATTORNEY GENERAL
[1] State v. Leak, 306 So.2d 737.
[2] Bosworth v. Whitley, 93-1829, 627 So.2d 629, (La. 11/29/1993).
[3] See Bosworth v. Whitley at page 631 of the opinion.
[4] See Damone v. Whitley at page 1209 of the opinion.
[5] See also State v. Patterson, 250 So.2d 721 (La. 1971) for language that armed robbers are not entitled to parole. Although this case is dispositive of the issue because it came before the enactment of15:574.4, it has long since followed in all jurisprudence that sentences for armed robbery and attempted armed robbery are to be served without the benefit of parole. This fact has remained constant. See also State v. Thomas, 604 So.2d 52, (La.App. 5 Cir. 1992).
[6] See State v. Thornton, 630 So.2d 956, (La.App. 4 Cir. 1993) and State v. Mitchell, 586 So.2d 701.